## 18505. TRAVELERS INSURANCE COMPANY v. CONINE.

The petition in this case, in which a death benefit was sued for by the beneficiary under a group contract of insurance issued to an employer and covering the lives of employees, set out a cause of action. The clause of the contract which continued the insurance in force until the assured should "notify the company to terminate the insurance as to such employee" did not render it necessary for the plaintiff to allege that

Life Insurance, 37 C. J. p. 608, n. 3 New.

no such notice was given. The giving of such notice was matter for defense. The special grounds of the demurrer were without merit.

DECIDED DECEMBER 13, 1927.

Action on accident policy; from city court of Floyd county— Judge Bale. September 6, 1927.

*Maddox, Matthews & Owens,* for plaintiff in error.

*M. B. Eubanks,* contra.

LUKE, J. "Under and subject to the terms and conditions of a group contract of insurance, . . issued and delivered to Anchor Duck Mills," Travelers Insurance Company issued a "certificate" insuring the life of Fred Calhoun Conine, an employee of said Anchor Duck Mills. He died, and his mother, Mrs. Willie Conine, sued for $600 alleged to be due her as beneficiary under the certificate.

The petition is substantially as follows: (1) Travelers Insurance Company, the defendant, is engaged in writing life insurance and has an agent in Floyd county, Ga. (2) Defendant is indebted to plaintiff in the sum of $600, besides interest, upon a certain policy of insurance, a copy of which is hereto attached and made a part hereof. (3) "Defendant did on January 6, 1925, issue and deliver to Fred Calhoun Conine said policy of insurance upon the life of said Fred Calhoun Conine, in accordance with the terms of said policy and contained therein." (4) That $600 was due under the terms of said policy October 6, 1926. (5) "That said Fred Calhoun Conine died on April 23, 1927, while said policy was in full force and effect, he having complied with all the conditions of said policy." (6) "That your petitioner was the mother of said insured and the beneficiary named in said policy." (7) "That said sum of $600 became due upon the death of said Fred Calhoun Conine, and defendant fails and refuses to pay the same."

The copy of the policy attached to the petition contains the following provision: "The insurance of any employee covered hereunder shall end when his employment with the assured shall end, except in a case where at the time of such termination the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance shall remain in force as to such employee during the continuance of such disability for

the period of three months from the date upon which the employee ceased to work, and thereafter during the continuance of such disability, and while this contract shall remain in force, until the assured shall notify the company to terminate the insurance as to such employee." A letter from Anchor Duck Mills to "Our employees," which is attached to the policy, contains this statement: "Insurance will cease upon the attaining the age 65, or upon the termination of employment, save as the employee elects to take advantage of the conversion privilege stated on page 1 of the certificate. The certificate becomes void and is to be returned to the office of the Anchor Duck Mills."

The petition was amended by adding thereto an allegation that at the time he left his work the deceased was suffering from tuberculosis, which "wholly disabled him from continuing his work, and which wholly disabled him and prevented him from at any time thereafter engaging in any occupation or employment for wages or profit." This amendment effectually meets one ground of the demurrer, which needs no further consideration.

Other than the ground mentioned and decided, the demurrer as amended presents the following questions for determination: (1) Does the petition set forth a cause of action? (2) Is the allegation of paragraph 5 of the petition, that Conine died "while said policy was in full force and effect, he having complied with all the conditions of said policy," a mere conclusion, unsupported by averments of fact? (3) Is an allegation that "Anchor Duck Mills had not notified this defendant to terminate the insurance as to said Fred Calhoun Conine" necessary to make out the case? Question 1 depends upon the answer to question 3. Paragraph 5 of the petition is not subject to the objection raised by the demurrer. It appears from the petition that the deceased's disability continued more than three months from the time his employment ended. After that time the policy remained in force until notice by the assured to the company to terminate the insurance. Of course, if the "group contract of insurance" was not in force, the policy based upon it was worthless. The former, however, was an agreement between parties over whom neither plaintiff nor her son had any control. It was not in their power either to keep the "group contract" in force or to abrogate it. The notice which under the contract would destroy plaintiff's rights as bene-

ficiary had to come from Anchor Duck Mills. Whether the plaintiff or her son could have conveniently ascertained that such notice had been given we can not say. It is certain, however, that if such notice had been given, the defendant would be aware of it, and could plead it in defense to the action. In short, the giving of such notice was a matter of defense, and the plaintiff was not required to plead or prove that it was not given. The petition set out a cause of action, and for no reason assigned did the court err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*