SMITH *v.* INDEPENDENT ORDER OF FORESTERS.

1. INSURANCE—LIMITATION OF ACTIONS—WAIVER.

> In an action against a fraternal insurance order on a policy, waiver by defendant of a provision in its constitution and bylaws requiring such action to be brought within one year after accrual, *held,* not shown by the evidence.

2. SAME—CONTRACTS—FORFEITURES NOT FAVORED—WAIVER.

Forfeitures are not favored either at law or in equity, and a provision for it in a contract of insurance will be strictly construed, and a waiver will be found upon slight evidence when the equity of the claim made is, under the contract, in favor of insured, but waiver will not be found where, under the record, the equity of the claim is not with insured.

Error to Muskegon; Vanderwerp (John), J. Submitted October 23, 1928. (Docket No. 107, Calendar No. 34,013.) Decided December 4, 1928.

Assumpsit by George W. Smith against the Independent Order of Foresters on a policy of insurance. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Alexander Sutherland,* for appellant.

*Cross, Foote & Sessions (Myrten W. Davie,* of counsel), for appellee.

NORTH, J. In 1897 the plaintiff herein became a member of the Independent Order of Foresters, a mutual benefit fraternal insurance order, and the holder of a $2,000 benefit certificate or policy. In 1908 the plaintiff was required to pay an additional premium on his policy of $2.82 per month; but provision was made whereby these additional premiums might be borrowed from the order at four per cent. interest. The plaintiff elected to borrow the accruing premiums, and, with the interest thereon, they became a charge against his benefit certificate.

In 1913 the defendant again readjusted its rates by assessing $2.60 per thousand on outstanding

policies of the class held by the plaintiff. This amounted to $5.20 on plaintiff's $2,000 policy, and was payable on or before January 1, 1914; but provision was made that the holder of the certificate might allow this additional assessment to be a lien against the same and pay four per cent. interest on the amount so accruing. This interest charge, amounting to $1.73 per month, was paid by the plaintiff from January 1, 1914, to May, 1916, at which time the plaintiff decided he would reduce his policy from $2,000 to $1,000. His original certificate was surrendered and another bearing the same number was issued to him May 23, 1916, in the amount of $1,000. From this time until and including February, 1921, the plaintiff continued to pay the monthly interest on the $260 which remained as an assessment against his policy.

A still further adjustment of the insurance rates of the defendant order was necessitated in 1917, and plaintiff's certificate was subjected to an additional assessment of $50 due November 1, 1917; but with the same provision as before, viz., that the insured might pay four per cent. per annum on the extra assessment and allow the amount thereof to remain a charge against his certificate. The plaintiff did not pay the 1917 assessment, and this item of $50 and accrued interest became and remained a lien against his certificate.

The plaintiff's policy provided for the payment of an old age disability benefit when the insured attained the age of 70 years. This benefit was 70 per cent. of the amount of the policy after deducting all indebtedness or liens against the same. The plaintiff became 70 years of age July 1, 1924, and on that day he made application for the amount due him

under the old age disability provision of his policy. In the course of adjusting the amount due to plaintiff, he was advised by letter that the defendant had charged against his policy the following items:

> "Amount borrowed under the 1908 read-
> justment with interest................$151.45
> 1913 assessment with interest.......... 262.60
> 1917 assessment with interest.......... 64.53
>
> "Total debt .....................$478.58"

Thereafter, and on July 31, 1924, the plaintiff signed the following general release:

"General Release.

"Know all Men by These Presents, that I, Geo. W. Smith, in consideration of the sum of ($700.00) Seven Hundred Dollars less $478.58 owing order a/c borrowing liens and interest to me or us in hand paid, the receipt whereof is hereby acknowledged, do hereby remise, release and forever discharge the Independent Order of Foresters, its successors and assigns, of and from all claims and demands whatsoever and especially all claims under Certificate No. 214878 issued to Geo. W. Smith of Court Chicago No. 3044."

On the day the above release was given the plaintiff accepted the defendant's check for $231.10 in payment of the balance of the $700 old age benefit provision and also of an item amounting to $9.68 as the plaintiff's share of the surplus resulting from the 1917 assessment. Plaintiff's indorsement on the back of this check contained this recital:

"The indorsing of this checque acknowledges that the amount thereof is in full of claim for benefits under certificate No. B. C. 214878.
(Signed.)　　　　　　　"Geo. W. Smith."

This suit was brought by the plaintiff to recover an amount which he claimed was still due to him under the old age disability provision of his policy, it being his contention that the payment received by him was only a partial payment of the amount due. The defense is that the payment made July 31, 1924, was a full, fair, and final settlement of all that was due the plaintiff under his policy. The case was tried by the court without a jury and the plaintiff had judgment for $558.70. The defendant filed timely exceptions to the findings of fact and conclusions of law. Among other questions raised, it is asserted by the defendant that paragraph four of the findings is contrary to the clear weight of evidence. This paragraph is as follows:

"Plaintiff's claim is not barred by the one year limitation for the bringing of legal action for the reason that delay on the part of plaintiff was occasioned by the repeated promises and misrepresentations of defendant's officers that the matter of the amount still due would be adjusted by the high court of the order, and that plaintiff was led to believe by defendant's duly authorized agents, that the matter was in process of adjustment, under subsection 1 of section 201, of defendant's bylaws."

The constitution and bylaws of the defendant order are made a part of the plaintiff's policy, and section 201 of the constitution contains the provision that all civil actions instituted against the order shall be brought within one year after the right of action has accrued. As noted above, the plaintiff made claim to his old age disability indemnity July 1, 1924, and so-called settlement of which he complains occurred July 31, 1924. This suit was instituted August 18, 1927, more than three years after plaintiff's claim was first presented. Section 201 of the

defendant's constitution also provides that a person having a claim under one of its policies shall not be entitled to bring any legal proceedings against the order until all the remedies provided by its constitution and bylaws have been exhausted. The plaintiff testified that he accepted the payment made to him July 31, 1924, because the defendant's supreme secretary informed the plaintiff: "That he would bring my case before the executive council at the regular meeting held September 14, 1924." This representation must have been made to the plaintiff on or before July 31, 1924, and it is urged as a waiver on the part of the defendant and as a justification for plaintiff's delay of over three years in bringing this suit. This contention was sustained by the finding of the circuit judge above quoted. We are of the opinion that in this there was error. A careful examination of the record reveals no justification for plaintiff's delay of over three years in bringing his suit. The one-year limitation in plaintiff's policy within which suit could be brought was valid and binding upon him. He failed to comply with this requirement of his insurance contract and it should have been held to be a defense to plaintiff's suit. *Betteys* v. *Insurance Co.*, 222 Mich. 626, and cases cited. Other items of testimony than that above quoted are relied upon by the plaintiff as constituting a waiver, but in our judgment they are not sufficient. So far as appears from the record, plaintiff's claim was never presented to the executive council and no other or different attempt than that above indicated was made by the plaintiff to have his claim submitted to and considered by that body. Nor is it shown that the plaintiff ever made any inquiry to ascertain what had been done, if anything, incident to having his claim so submitted. There is no proof of any other fact or circumstance which

would put the plaintiff off his guard as to the necessity of acting promptly. The only fair conclusion to be drawn from the record is that the plaintiff sat idly by for over three years after his settlement with the defendant. Under the terms of his insurance certificate whatever right of action he had was barred long before suit was brought. In arriving at this conclusion we have not been unmindful that:

"A forfeiture is not favored either at law or in equity and a provision for it in a contract will be strictly construed and courts will find a waiver upon slight evidence, when the equity of the claim made * * * is, under the contract, in favor of the insured." *Lyon* v. *Insurance Co.,* 55 Mich. 141 (54 Am. Rep. 354).

However, careful consideration of this record brings the conclusion that the "equity of the claim" in this instance is not with the plaintiff; but, on the contrary, that in the settlement of July 31, 1924, the plaintiff received the full amount to which he was entitled under the terms of his policy.

The judgment will be reversed and no new trial ordered. The appellant will have costs of both courts.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.