KING v. AMERICAN INSURANCE UNION, INC.

1. INSURANCE—INTERIM RECEIPT—ESTOPPEL—PAYMENT OF PREMIUM.
   Interim receipt, issued by agent of new insurer, acting as trustee for receivers of old insurer then being liquidated, which contained language acknowledging receipt of total current premium estops insurer, in the absence of fraud, from contesting validity of policy on ground of nonpayment of premium.

2. SAME—INTERIM TRUST—GOOD FAITH.
   Even if agents and employees of new insurer, acting as trustee for old insurer's receivers while it was being liquidated, in soliciting members of old insurer to transfer their insurance to new insurer, were acting only for a trustee, the trust must be discharged fairly and with the utmost of good faith.

3. SAME—PROOF OF CLAIM—BLANKS.
   Failure of insurer's agent to furnish beneficiary proper blanks for proof of claim upon her application therefor *held*, insufficient to bar her recovery against new insurer to which insurance had been transferred, which had received premium, issued interim receipt and received the executed papers which defendant itself had marked.

4. APPEAL AND ERROR—CROSS-APPEAL—AFFIRMATIVE RELIEF.
   Judgment in action at law against insurer which should have included an amount wrongfully retained will not be increased by such amount in the absence of a cross-appeal.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 3, 1935. (Docket No. 42, Calendar No. 38,336.) Decided June 3, 1935.

Assumpsit by Florence E. King against American Insurance Union, Inc., a foreign corporation, on a life insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Nathaniel Schooler* (*Benjamin B. Stepsay,* of counsel), for plaintiff.

*Baubie & Baubie* (*J. Leon Katz,* of counsel), for defendant.

BUSHNELL, J.   Plaintiff's husband was insured from 1904 to 1932 in American Insurance Union, a fraternal association. In August of 1932, he and his wife, who was also insured, were approached by William M. Crockett, a lawyer from Indiana then either in the employ of defendant American Insurance Union, Inc., or American Conservation Company, and engaged for the purpose of persuading the members of the Union to transfer their insurance to the newly formed mutual company.   Mr. King signed an application for such exchange, surrendered his rights in the old policy and received a receipt and interim certificate executed by Crockett as special representative of defendant company and dated September 1, 1932.   The certificate recited receipt of a premium of $49.48 and contained the following language:

"Receipt of policy No. 20223 (or release thereunder) is hereby acknowledged and it is understood that this receipt constitutes an interim certificate that protects the member in an amount equivalent to that provided under the terms and conditions now obtaining as to the old policy until the effective date of the new policy to be issued to him provided the original policy is now in force.

"The next payment on the new policy will be due September 1, 1933."

The receipt bore this note:

"This receipt and interim certificate is to be executed in duplicate, one copy to be given to the ap-

plicant and one copy to be given to the chapter cashier.''

The application, which was witnessed by Crockett, stated:

''I have paid my Ams. Ins. Union premium for the month of Aug. 32. Effective date of new policy: Sept. 1, 1932. * * *

''Payment in connection with this application has been made as follows:

Old premium credit ................
Paid by cash or check:
    Balance premium ................
        Total current premium ......... $49.48
    Additional for ...................

Total paid ..................... $49.48

''In consideration of the issuance of the policy herein applied for, I hereby surrender to said company all right, title and interest in and to policy or certificate No. 20223 issued or assumed by the American Insurance Union and all my interest in the funds of the association held by the company for the benefit of the association members.

''In further consideration of the waiver by the company of a medical examination in connection with this application for exchange, I agree that my original application to the American Insurance Union is hereby made a part of any and all policies issued to me on this application for exchange.

''Dated Aug. 26, 1932.''

King died on September 13, 1932, from heart trouble of eight years duration. The business of the fraternal society had been handled in Detroit through a local office where Frederick W. Main had been the cashier for 16 years. He acted for both companies during the transfer period, was authorized to receive proofs of claims, and in such capacity

furnished Mrs. King the necessary blank forms upon her request. She testified that she took Mr. Main's word for anything and signed the papers presented, paying Main $2.35 six days after the death of her husband. The record shows that all the executed papers pertaining to the death claim were received by defendant and marked "Incoming mail, A. I. U. Inc." and show the date when the same was received. It then developed that the proofs were on forms of the old company and that the premium Mrs. King paid went to the new company, which was acting as a trustee for the old fraternal association's receivers, it being in the process of liquidation. The new company took the position that no policy was ever issued by it to King and no money was received from him.

Crockett, over objection of plaintiff's counsel, testified that King never paid the premium, claimed the receipt was left as a memorandum, and although he was the only one authorized to give a receipt, it was given in duplicate, a copy being left with Main to complete the transfer when King paid the $49.48. Extracts from the records of the Insurance Union show a payment of $50 to Florence E. King on January 25, 1933, which defendant says was a 5 per cent. payment on the fraternal association's death claim. The check in question is signed, "American Insurance Union, Inc., trustee for American Insurance Union." Mrs. King admits receiving the $50 but understood it to be a partial payment on the money due her as beneficiary under the policy.

The court, sitting without a jury, held it was preposterous to believe that Crockett, an attorney admitted to practice law in Indiana, would give decedent a receipt for $49.48 unless the money was actually paid; that the filing of the proofs with

Main, who was acting for both companies, met all the requirements, and accordingly entered a judgment for the face of the policy, with interest, less the $50 payment.

Appellant's altogether too lengthy statement of questions involved (Court Rule No. 67 [1933]) may be boiled down to these:

Is defendant bound by the unconditional recitals of the interim receipt?

Is plaintiff estopped by the acceptance of the $50 check and the execution of papers furnished by defendant's agent?

The interim receipt language falls within the first class mentioned in *Schaeffer* v. *Peninsular Casualty Ins. Co.,* 266 Mich. 386, 392, and being unconditional in its language is governed by *Hollingsworth* v. *Liberty Life Ins. Co. of Illinois,* 241 Mich. 675. The law will not permit the defendant to avoid the policy in the face of such recital. See, also, *Smith* v. *Independent Order of Foresters,* 245 Mich. 128. Defendant's agents and employees acted at one and the same time for both the old and new enterprises, and even if, as claimed, they were acting only for a trustee, the trust must be discharged fairly and with the utmost of good faith. *Chambers* v. *Chambers,* 207 Mich. 129.

The errors claimed have been examined. The court, sitting without a jury, found it to be a fact that the premium on the new policy had been paid and we see no reason to disturb that result. The fact question in this case is controlling. If, as the trial court found, the money was paid, defendant's agent's subsequent act in providing Mrs. King with the incorrect papers cannot inure to its advantage. Defendant had full notice of the claim when it received and marked the papers. *Minnock* v. *Eureka Fire & Marine Ins. Co.,* 90 Mich. 236.

The judgment should have included the $2.35 wrongfully retained, but we shall not add this to the judgment in the absence of a cross-appeal.

The judgment as entered is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.