ROTHERMEL *v.* ÆTNA LIFE INS. CO.

1. INSURANCE—GROUP POLICY PART OF EMPLOYEES' CONTRACTS.

   Terms and conditions of master or group policy between employer and insurer, subject to which certificate of insurance was issued employee are part of contract of insurance which death beneficiary may invoke.

2. SAME—TEMPORARY LAY OFF—EVIDENCE.

   In action by death beneficiary under certificate of insurance, issued employee subject to group life policy, evidence *held*, to show employee was temporarily laid off, not discharged, within meaning of clause in master policy as to continuance of insurance.

3. SAME—CONSTRUCTION OF POLICY—CONTINUANCE OF COVERAGE—NOTICE OF CANCELLATION.

   Provision of group insurance policy for automatic termination of coverage of an employee at end of month in which premium contribution ceases or employment terminates, excepting where, among other cases, employee is temporarily laid off, insurance shall continue until insurer receives written notice from employer that such insurance shall terminate is construed as continuing insurance until end of month during which notice of cancellation was received by insurer.

4. SAME—CONSTRUCTION OF POLICY—FORFEITURES.

   Contracts of insurance, prepared by insurer, are construed strictly against it and favorably to insured, especially as to provisions involving forfeitures.

5. SAME—BURDEN OF PROOF—NOTICE OF CANCELLATION.

   Insurer, claiming insurance as to employee to whom certificate had been issued subject to master policy was terminated during month in which notice of cancellation was mailed by employer, has burden of showing that notice was received during that month, where master policy is construed as continuing insurance in force to end of month in which such notice of cancellation is received by insurer.

6. SAME—EVIDENCE—PRESUMPTION—MAILING.

Supreme Court will not indulge in presumption that employer's notice of cancellation of group insurance as to employee, mailed on last day of month, reached insurer the same day so as to terminate coverage during month in which employee was temporarily laid off and notice was mailed, in the absence of testimony by defendant as to when it received the notice.

7. SAME—CONTINUANCE OF COVERAGE—NOTICE OF CANCELLATION—EVIDENCE.

In action by death beneficiary of employee against group insurer, judgment for plaintiff for amount of certificate with interest *held*, correct, where employee was temporarily laid off in one month, employer mailed notice of cancellation as to the employee to the insurer on the last day of that month, record is silent as to when insurer received such notice, and employee died during the following month, since the certificate, embracing provisions of the master policy, was then in force.

Appeal from Wayne; Campbell (Allan), J.   Submitted January 15, 1936.   (Docket No. 78, Calendar No. 38,682.)   Decided April 7, 1936.

Assumpsit by Orlinda Rothermel against Ætna Life Insurance Company on a group life insurance certificate.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*S. Baer Keidan,* for plaintiff.

*Butzel, Eaman, Long, Gust & Bills* (*Harry F. Moll,* of counsel), for defendant.

BUTZEL, J. Albert Rothermel was employed by the Packard Motor Car Company which took out group insurance policies on certain of its employees with defendant and made a deduction from their pay every two weeks to apply on the premiums.   Rothermel received a certificate from defendant showing that under and subject to the terms and conditions

of such master policies he was entitled to disability
and life insurance, the latter being in the sum of
$2,000 payable, in the event of Rothermel's death,
to his wife, plaintiff herein. On April 6, 1932,
Rothermel was "laid off." Deductions were made
from Rothermel's pay for premiums up to the end
of April, 1932. He died on the 20th day of May,
1932. The certificate received by him provided that
the life insurance benefits of the policy should cease
upon the termination of employment or failure to
pay premium contributions. He never took advan-
tage of the conversion provisions in the policy which
permitted him to take out insurance for the amount
of the policy without further evidence of insurability
if an application was made within 31 days after ter-
mination of employment. The crux of the instant
case lies, however, not in the certificate, but in the
provision found in the master policy, which reads as
follows:

"The insurance of any employee shall automati-
cally cease at the end of the policy month in which
premium contribution ceases or employment ter-
minates; *except that if any employee* is absent on
account of sickness, or injury or *is temporarily laid
off,* granted leave of absence, pensioned or retired,
*his insurance shall continue until the company re-
ceives written notice from the employer that such
insurance shall terminate."*

Defendant contends that the insured's rights are
limited to the provisions in the certificate and that
plaintiff may not rely on provisions in the group
policy as they only concern defendant and motor car
company. The certificate, however, as it states, was
issued under and subject to the terms and conditions
of the master policy. The provisions in the master
policy are part of the contract of insurance and

plaintiff may invoke them. *All States Life Ins. Co.* v. *Tillman,* 226 Ala. 245 (146 South. 393); *Hardie* v. *Metropolitan Life Ins. Co.* (Mo. App.), 7 S. W. (2d) 746; *Thull* v. *Equitable Life Assurance Society,* 40 Ohio App. 486 (178 N. E. 850); *Metropolitan Life Ins. Co.* v. *Wann* (Tex. Civ. App.), 28 S. W. (2d) 196; *Lewis* v. *Metropolitan Life Ins. Co.,* 17 La. App. 143 (142 South. 721).

The insured was "temporarily laid off," within the meaning of the above quoted provision in the master policy. The evidence is positive that when Rothermel was "laid off," he was not discharged, but was only temporarily out of employment for lack of work and when the motor company had new work for him he was to come back. Under date of April 29, 1932, the motor company prepared a notice of cancellation as to a large number of employees, including Rothermel. This notice was not sent until April 30, 1932. Defendant claims Rothermel's insurance terminated on April 30, 1932, when the notice was sent to the company. However, by virtue of the above quoted provision, if the insurance company did not receive notice until the beginning of May, 1932, the insurance would remain in force until the end of such policy month. Contracts of insurance prepared by the insurance company are construed strictly against it and favorably to the insured (*Utter* v. *Travelers' Ins. Co.,* 65 Mich. 545 [8 Am. St. Rep. 913]; *Ruddock* v. *Detroit Life Ins. Co.,* 209 Mich. 638) and especially so when the provisions involve forfeitures (*Lyon* v. *Travelers' Ins. Co. of Hartford, Conn.,* 55 Mich. 141, 146 [54 Am. Rep. 354]; *Smith* v. *Independent Order of Foresters,* 245 Mich. 128). The burden of proof was upon defendant to show that it received notice of cancellation in the month of April, 1932. *Travelers' Ins.*

*Co.* v. *Conine,* 37 Ga. App. 500 (140 S. E. 784).   In the ordinary course of business, a notice mailed on April 30, 1932, would not be delivered prior to May 1, 1932.   We cannot presume that notice sent by mail on April 30th would reach defendant the same day. Defendant was in full possession of the facts, but did not see fit to produce testimony as to when it received the notice.   The record is silent as to the method by which the notice was sent to defendant, the home office of which is in Hartford, Connecticut.   Defendant contends that the notice may have been sent to the Detroit office of the company, but the record does not show that the company had a Detroit office. We therefore hold that Rothermel's insurance was in force during the month of May, and that the trial court was correct in rendering a judgment against defendant insurance company for the amount of the certificate with interest.

The judgment is affirmed, with costs to the plaintiff.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.