LUKASWIECZ *v*. GENERAL AMERICAN LIFE INS. CO.

1. INSURANCE—GROUP POLICY—PROOF OF CLAIM—ESTOPPEL.

   In action on group life insurance policy for claimed total and permanent disability, beneficiary *held*, not to have established that insurer was estopped to raise defense that plaintiff failed to furnish proof of such disability in accordance with policy by testimony of conversation between plaintiff's daughter and some one who answered employer's telephone and informed her insurance had been cancelled about six months previously.

2. SAME—TOTAL AND PERMANENT DISABILITY—BURDEN OF PROOF.

   Beneficiary, seeking to recover total and permanent disability benefits under group insurance policy, has burden of proving that total and permanent disability developed before a certificate of insurance lapsed.

3. SAME—TOTAL AND PERMANENT DISABILITY—HERNIA—EVIDENCE.

   Evidence *held*, as a matter of law insufficient to establish liability on part of group insurer for total and permanent disability benefit where it is merely shown that while certificate was in force insured was suffering from a hernia which resulted in total and permanent disability after the insurance was no longer in effect.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 10, 1937. (Docket No. 55, Calendar No. 39,560.) Decided September 1, 1937.

Case by Mary Lukaswiecz against General American Life Insurance Company, a corporation, and Briggs Manufacturing Company, a corporation, for sums due on a group life insurance policy. Verdict for plaintiff. Judgment for defendants *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Sol Blumrosen,* for plaintiff.

*Walters, Carmichael & Head,* for defendants.

BUSHNELL, J. Plaintiff had a verdict at the hands of a jury on two group insurance certificates, but a motion for a directed verdict having been previously taken under advisement, the court entered a judgment for the defendants *non obstante veredicto.*

Plaintiff's decedent, Felix Lukaswiecz, was employed by Briggs Manufacturing Company in 1929 as a spot-sprayer, and was laid off on December 7, 1932, when Briggs reduced its force of employees. He was reemployed on June 14, 1933, but did not reapply for insurance or ask that either of his former certificates of insurance be reinstated. He was again laid off on October 2, 1933, and when notified in November by Briggs Manufacturing Company to return to work, it was discovered that Lukaswiecz had a hernia and did not possess the required citizenship papers. At this time decedent signed a paper in which he acknowledged that his ruptured condition barred further employment and that if given work he would have the physical condition cared for by his own physician. Lukaswiecz underwent a herniotomy on December 9, 1933, and died of post-operative pneumonia on the 13th of the same month.

Between June and October of 1933, decedent received nine pay checks from the Briggs Company, all of which he indorsed and on five of which there was stamped in red ink the following:

"Important Notice to you

"This is to inform you that you are not insured under the group plan."

Payment of insurance having been refused, the widow of Lukaswiecz began suit claiming that her

husband's total and permanent disability occurred in October of 1933. After defendants answered this declaration, it was amended, by leave of court, to show that plaintiff claimed her decedent became "permanently and totally disabled on or about December 7, 1932."

Defendants denied this averment and said that if Lukaswiecz' disability occurred on the date claimed, "neither he nor any one for or on behalf of him ever at any time rendered to the defendants or either of them, any proof of such claimed total and permanent disability, as required by the policies of insurance declared upon."

Plaintiff testified that her husband had been ruptured in 1924 and that his condition was so bad between December, 1932, and June, 1933, that he was unable to work and spent all of his time in bed, that she had to rub him constantly to allay the pain and that although he worked from June to October, 1933, he was forced to go to bed every night immediately after supper and always remained there on Saturday afternoons and on Sundays. This testimony was corroborated by a fellow workman.

In support of a claim of a waiver of notice, plaintiff's daughter, Lillian Lukaswiecz, aged 19, testified that after her father came home on December 7, 1932, she phoned the Briggs factory. She said that a girl answered the. telephone.

"I told her I would like to talk to the manager of the insurance department. The girl told me to wait and she would call the manager to the phone. * * * Well, I told him dad worked for the Briggs Manufacturing Company sick in bed now. * * * And they told me father could not get anything until about six months, so I say, 'How will we keep that up?' He says, 'Don't worry, the Briggs will take

care of that, they will keep the insurance up, if we don't, we will write your father a letter.' That was all.''

This same witness testified on re-direct examination:

''In October when he got laid off I called up again and I told him I called up once before about the insurance. I says, 'Daddy is sick in bed,' I says, he was paying it, I says, 'You told me to keep the insurance up.' They says, 'We cancelled the insurance about six months ago;' after telling me to keep the insurance up.''

A statement by some one who answered the phone at Briggs that ''we cancelled the insurance about six months ago,'' was not a waiver of proof of claim. *Gambino* v. *Northern Ins. Co. of New York*, 232 Mich. 561, and same case, 234 Mich. 651.

The burden was upon plaintiff to show that decedent became totally and permanently disabled before the certificate of insurance lapsed. It is not sufficient to show that during the time the certificate was in force Lukaswiecz was suffering from a hernia which resulted in total and permanent disability after the insurance was no longer in effect. Such proofs as are required by *Boyd* v. *Equitable Life Assurance Society of the U. S.*, 274 Mich. 1, are not found in the instant record.

In addition to the foregoing, the situation presented by this appeal is controlled by the recent case of *Sanders* v. *Prudential Ins. Co. of America*, 279 Mich. 608, which was also an appeal from a judgment for defendant *non-obstante veredicto:*

''Sanders' last day of work was February 9, 1933. He returned to the plant on the 13th, but there was no work for him as the company was about to discon-

tinue operations. Later he applied for work elsewhere, but did not obtain employment. He first consulted a doctor on September 15th and was found to have an advanced condition of a progressive heart affection. He died of the disease on October ·15, 1933."

It is claimed, in the instant case, that the testimony was sufficient to permit the jury to conclude that the insured was permanently and totally disabled on or about December 7, 1932.

We paraphrase our holding in the *Sanders Case, supra.* The difficulty with plaintiff's position is that such inferences cannot prevail against the undisputed physical fact that Lukaswiecz actually worked for Briggs Manufacturing Company up to ··and including December 7, 1932, without any claim or appearance of disability. He did his full work up to that time and there is no evidence other than the testimony that he was required to retire early and spent his weekends in bed, that he was not able to work between June and October of 1933, as he did before. As the facts fail to show the necessary disability while the certificate was in force, the court was not in error in entering judgment for defendants.

The judgment is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUTZEL, J., did not sit.