RASMUSSEN v. EQUITABLE LIFE ASSURANCE SOCIETY OF
THE UNITED STATES.

1. INSURANCE—GROUP POLICY—INCONTESTABILITY CLAUSE—DE-
FENSES PERMISSIBLE.

Without offending clause of group life insurance policy required
by statute providing that contract, consisting of group policy,
employer's application, and individual employee's application,
should be incontestable after one year except for nonpayment
of premiums or violation of conditions of the policy relating
to military or naval service in time of war, the insurer may show
that the contract did not cover the loss experienced, that a con-
dition precedent of duration of employment is unfulfilled, that
the policy became inoperative because employment terminated,
that an otherwise-covered event did not take place while the
certificate was in force, or that because of age the insured was
not entitled to certain benefits under the master policy (3 Comp.
Laws 1929, § 12435).

2. SAME—RISKS MEASURED BY TERMS OF POLICY.

The risks assumed by an insurer are measured by the terms of the
policy.

3. SAME—CONSTRUCTION OF POLICY.

A court construes a contract of insurance against an insurer when
there is need of interpretation of language that fails to give
clear meaning without ambiguity, but where the language is
clear, a court may not, under the guise of construction, reform a
policy so as to write a new contract.

4. SAME—INCONTESTABILITY CLAUSE—COVERAGE.

Provision in life insurance policies relative to incontestability
after a limited period was not designed to extend the coverage
of the policy beyond its express terms.

5. SAME—CERTIFICATE ISSUED UNDER GROUP POLICY NOT A PART
OF THE CONTRACT.

The certificate issued under a group life insurance policy to an
employee cannot be the source of any contractual rights as it is
not a part of the contract of insurance.

6. SAME—GROUP POLICY—UNDERSTATEMENT OF APPLICANT'S AGE.

The understatement of age by applicant for group life insurance
under policy clearly limiting coverage thereunder to a certain

age class so as to bring older applicant within such age class does not come within the protection of the incontestability provision (3 Comp. Laws 1929, § 12435).

7. SAME—INCONTESTABILITY CLAUSE—UNDERSTATEMENT OF AGE.
Insurer under group life insurance policy who shows employee was not within the age group covered thereby does not contest its contract but asserts that by virtue thereof employee who had been insured thereunder after understatement of his age was not within group covered thereby (3 Comp. Laws 1929, § 12435).

8. WITNESSES—GROUP LIFE INSURANCE—EMPLOYER'S AGENT—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
In action by beneficiary against insurer under group life insurance policy, testimony of employer's agent as to employment records and other facts was not admitted in violation of statutory rule excluding testimony of an agent of an opposing corporate party concerning matters equally within the knowledge of the deceased since such employer was not a party (3 Comp. Laws ·1929, § 14219).

9. INSURANCE—GROUP POLICY—AGE OF INSURED—VERDICT—GREAT WEIGHT OF EVIDENCE.
In beneficiary's action against insurer under group life insurance policy covering employees who had not reached 40 years of age in which defendant claimed employee was over 40 at time of entering the employment, jury's verdict for defendant *held*, not against the great weight of the evidence, where father's testimony conflicted with deceased's written statements at various times of his life.

Appeal from Wayne; Van Zile (Donald), J., presiding. Submitted April 18, 1940. (Docket No. 91, Calendar No. 40,974.) Decided June 3, 1940. Rehearing denied September 6, 1940.

Assumpsit by Rasmus Rasmussen against Equitable Life Assurance Society of the United States, a foreign corporation, for sums due under the terms of a group life insurance policy. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

Butzel, J. Plaintiff sues as beneficiary designated in a certificate of insurance issued to his son under a group life insurance arrangement between Parke, Davis & Company and defendant insurance-company. Such certificates are issued to all employees without medical examination, and the premiums are paid by the employer. An amendment to the master policy, in force when the certificate before us was issued, provided that:

"Any employee entering the service of Parke, Davis & Company on or after September 1, 1932, who is otherwise eligible for insurance, but who at the time of entering service had reached or passed his fortieth birthday, shall be excluded from coverage under this policy."

In obedience to the statutory mandate (3 Comp. Laws 1929, § 12435 [Stat. Ann. § 24.271]), the contract stated that the master policy "together with the employer's application therefor   *   *   *   and the individual applications, if any, of the employees insured, shall constitute the entire contract between the parties." It was further declared that: "The contract shall be incontestable after one year from its date of issue except for nonpayment of premiums or violation of the conditions of the policy relating to military or naval service in time of war."

In the written application for employment, and in the insurance application, plaintiff's son stated that he had not yet reached the age of 40, which fact, if true, would unquestionably have entitled him to coverage under the group policy. A certificate was issued on the faith of his representation of age. After his death, defendant denied liability on the ground that the insured was 42 or 43 years of age when he entered the employ of Parke, Davis & Company and that the terms of the master policy ex-

cluded him from coverage, irrespective of the incontestability clause. The issue of fact as to age was submitted to a jury who found for defendant.

It is claimed that defendant's contest is limited to the exceptions stated in the statute (*Bogacki* v. *Great-West Life Assurance Co.*, 253 Mich. 253), and that misstatement of age is not such a defense as is permitted by the enactment. The rule is stated too broadly. Without offending the statutory restrictions, the insurer may show that by the terms of the contract the loss experienced was not within the conditions of coverage; he may show that a condition precedent of duration of employment is unfulfilled (*Germain* v. *Aetna Life Ins. Co.*, 285 Mich. 318), that the policy became inoperative because employment terminated (*Rothermel* v. *Aetna Life Ins. Co.*, 275 Mich. 425; *Klat* v. *Chrysler Corp.*, 285 Mich. 241; *Hawthorne* v. *Metropolitan Life Ins. Co.*, 285 Mich. 329), or that an otherwise-covered event did not take place while the certificate was in force (*Lukaswiecz* v. *General American Life Ins. Co.*, 281 Mich. 65). In *Rogers* v. *Metropolitan Life Ins. Co.*, 265 Mich. 202, we held that the certificate holder could not claim disability benefits because his age at the time of issuance of the certificate excluded him from the operation of the provision of the master policy.

The risks assumed are measured by the terms of the policy. *Hawthorne* v. *Metropolitan Life Ins. Co., supra.* We construe the contract against the insurer when there is need of interpretation of language that fails to give clear meaning without ambiguity (*Rothermel* v. *Aetna Life Ins. Co., supra*). But where the language is clear we may not, it is said, under the guise of construction, reform a policy so as to write a new contract. *Lombardi* v. *Metropolitan Life Ins. Co.*, 271 Mich. 265. Nor was the provision barring contest designed to accomplish

such a result. The letter of the master policy before us declares that those who have reached or passed the fortieth birthday "shall be excluded from coverage under this policy." *In the Matter of Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449 (169 N. E. 642), Chief Judge Cardozo wrote:

"The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken."

The fact that the truth remains unrevealed for the period that would bar other defenses does not bring under coverage a risk expressly excluded by the policy. Nor can the certificate of itself be the source of any contractual rights, for it is not a part of the contract. *Enright* v. *Standard Life & Accident Ins. Co.*, 91 Mich. 238; *Germain* v. *Aetna Life Ins. Co.*, *supra; Boseman* v. *Connecticut General Life Ins. Co.*, 301 U. S. 196 (57 Sup. Ct. 686, 110 A.L.R. 732). The risk undertaken was that of a group which conformed to the specifications of the contract. Employees who had passed the fortieth milestone were beyond the "limits of the coverage." The understatement of age where the ambit of the group policy is expressly limited to a given age class does not come within the protection of the incontestability provision, any more than the misstatement that one is an employee when in truth he is a stranger to the group to be covered. *Hawthorne* v. *Metropolitan Life Ins. Co.*, *supra,* and cases cited therein. Some authorities appear to express opposing views:

*John Hancock Mutual Life Ins. Co.* v. *Dorman* (C.C.A.), 108 Fed.(2d) 220, affirming 25 Fed. Supp. 889; *Allison* v. *Aetna Life Ins. Co.* (La. Ct. of App.), 158 South. 389; *Equitable Life Assurance Society* v. *Florence,* 47 Ga. App. 711 (171 S.E. 317); *Mutual Reserve Fund Life Ass'n* v. *Austin,* 73 C. C. A. 498 (142 Fed. 398, 6 L. R. A. [N. S.] 1064). We do not choose to follow them when the language of exclusion of risk in the enabling instrument is so clear and commanding. The policy of certainty of obligation does not require us to read the limitations on coverage as defenses which would be barred by the conventional time limitation; a greater social good is served by enabling employed groups to obtain the most advantageous protection that their status warrants by restricting the invitation to particular age groups. Those who deliberately misstate their age and thus tend to lower the experience record of the group should not be placed by construction within the aegis of the incontestability provision. We do not wish to be understood as saying that the statute may be circumvented by disguising excluded defenses in the clothing of a "mandate as to coverage, a definition of the hazards to be borne by the insurer." In the ordinary group life insurance policy, the statute provides for an equitable adjustment of the premium or the amount of the insurance payable in the event of the misstatement of the age of an employee. 3 Comp. Laws 1929, § 12435 (3) (Stat. Ann. §24.271). The statute would apply were it not that there was an express provision excluding from the group risk those employees over 40 years of age. This is not a case where the company is contesting its contract. It is insisting that the contract is complete and incontestable, and that by its very terms plaintiff's decedent, because of his age, was not entitled to its benefits.

It is claimed that the testimony of an agent of the employer as to its employment records and other facts was admitted in violation of the rule which excludes the testimony of an agent of an opposing corporate party concerning matters equally within the knowledge of the deceased (3 Comp. Laws 1929, §14219 [Stat. Ann. §27.914]). *Schempf* v. *New Era Life Ass'n,* 253 Mich. 152; *Wilson* v. *Prudential Insurance Company of America,* 276 Mich. 232. The rule is inapplicable here because the witness was not the agent of defendant but of a corporation not a party to the action.

Plaintiff contends that the verdict of the jury is opposed to the great weight of the evidence. The testimony of plaintiff as to the age of his son contradicted documentary evidence of written statements of the deceased at various times during the latter's life. We are not satisfied that there was present on each occasion so dominant a motive to falsify or an unwitting mistake as would render without probative value the declarations of the son. It was for the triers of the facts to determine whether father or son gave correct evidence of the ultimate facts.

The judgment is affirmed. Costs to defendant.

Bushnell, C. J. and Sharpe, Potter, Chandler, North, McAllister, and Wiest, JJ., concurred.