313 So.2d 438 (1975)
HOME LIFE INSURANCE COMPANY, Appellant,
v.
Agnes C. REGUEIRA, Appellee.
No. 74-970.
District Court of Appeal of Florida, Second District.
May 28, 1975.
Rehearing Denied June 24, 1975.
Larry E. Christensen of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellant.
Richard A. Lazzara of Levine, Freedman & Hirsch, Tampa, for appellee.
McNULTY, Chief Judge.
We consider this day the question of whether an incontestability clause contained in a group life insurance policy bars the insurer from defending against a claim on the ground that the insured was not an employee eligible for insurance under the terms of the policy. It appears to be a case of first impression in Florida.
Plaintiff-appellee sued as beneficiary of a group life insurance policy issued to her deceased husband's employer by appellant Home life. The policy covered all employees of Joe Regueira, Inc., d/b/a Florida Wholesale Liquor, a business wholly owned by the decedent. The master policy contained the following provision relating to eligibility for coverage thereunder:
"For purposes of insurance hereunder, an active full-time employee shall mean *439 an employee of the Employer engaging in and performing the normal duties and activities of employment on a regular basis for the Employer for not less than 30 hours per week, but in no event shall these terms be deemed to include any duties or activities performed at a person's permanent or temporary residence nor while confined in a hospital or similar institution."
The policy also contained the following incontestability clause as required by § 627.0409, F.S. 1965 (now § 627.560, F.S. 1973):
"This policy shall be incontestable after two years from the date of issue, except for the non-payment of premiums."
Appellant sought to defend the action on the grounds that the decedent was not indeed a full-time employee within the aforequoted eligibility provisions. The trial judge, however, held that the defense was barred under the aforesaid incontestability clause, disallowed the defense and entered a final summary judgment in favor of plaintiff-appellee for the full benefits under the policy together with attorney's fees, interest and costs. We reverse.
At the outset we agree with the trial judge that appellant did not properly "contest" the policy within the two-year limitation period of the incontestability clause. Plaintiff-appellee did file the claim herein within that period, and appellant had indeed rejected it within that period. But the law is clear on the point that an insurer must "contest" a policy by the invocation of judicial action, either by way of claim or defense, within the limits prescribed in an incontestability clause or be forever barred thereby. Couch puts it this way:[1]
"As a general rule, a clause in an insurance policy making it incontestable after a certain period imports the invoking of judicial action to cancel the policy, or to prevent its enforcement, either by a suit to that end, or by a defense to an action on the policy; in fact, such a clause can be taken advantage of in no other method than by a judicial contest to which the insurer and the insured, or their representatives or beneficiaries, are parties.
* * * * * *
"An incontestable clause included in a life policy as required by statute contemplates and intends to require the institution within the specified period of a proceeding in court to cancel the policy on account of original invalidity, or the filing within that period, in a suit brought on the policy, of an answer setting up a ground of original invalidity to defeat recovery."
So if the defense sought to be interposed herein is one which must be raised within the two-year contestability period, such defense is barred. We are of the view, however, that it is not such a defense; and it is here that we respectfully depart from the conclusion of the trial judge.
The threshold question in these cases involving applicability of an incontestability clause is whether the claim of the insurer relates to the validity of the policy or whether it relates to limitations of coverage. If it relates to the former it is barred; if to the latter it is not.
In those cases concerned with precisely the problem we are faced with here, i.e., eligibility of an employee under a group life policy, the authorities throughout the country are divided. Those cases holding that the defense of ineligibility of the employee may be barred by the incontestability clause are exemplified by the New York case of Simpson v. Phoenix Mutual Life Insurance Co.[2] It was therein held that the eligibility of a given employee is an ascertainable fact which the insurer *440 can, by reasonable investigation, determine within the contestability period. Therefore, that court concluded, the operative fact went to the issue of validity rather than to the risk assumed, i.e., coverage. We cannot agree. There are too many variables inherent in this aspect of group life insurance policies to permit acceptance of Simpson. The case was wrongly decided and was confounded, we think, by the sounder rationale of the Illinois court in Crawford v. Equitable Life Assurance Society of the United States.[3] That court said:[4]
"While the broad distinction drawn ... between a policy's limits of coverage and its validity has been quite generally recognized, differences of opinion have arisen as to its application, particularly with respect to group life insurance. (See, e.g., Keeton, Basic Text on Insurance, sec. 6.5(d); Young, `Incontestable  As to What?', 1964 U.Ill. L.F.) With individual life insurance the policy identifies a specific individual by name, and it is relatively easy to distinguish between a question of coverage (the death of the insured or his death from specific cause) and a question of validity created by antecedent misrepresentations on the part of the insured. In the case of group life insurance, however, the master policy undertakes to provide insurance for a collection of unnamed persons defined only in terms of membership in a class, such as the employees of a certain company. To ascertain whether a person is insured necessitates a determination of whether he is in fact a member of the class. To the extent that that determination is based upon information furnished by the employer or by an employee or alleged employee, the question whether coverage exists tends to become intertwined with the question whether the coverage was obtained by false representations.
* * * * * *
"We, however, consider that the question of eligibility is one which relates to the risk assumed and that a defense based on lack of eligibility is therefore not foreclosed by an incontestability clause.

"It is, of course, true that eligibility may relate to circumstances existing at the inception of the contract (although it may also arise subsequently because of a change in employment status). It is also true that it may have been determined initially upon the basis of statements made by the insured or by his employer. And it may be assumed that whether a person is an employee or is a full time employee is a matter affecting the willingness of the insurer to assume the defined risk at the defined premium charge, since employment or active or full-time employment may protect the insurer against adverse selection. See Gregg, Group Life Insurance (2d ed.) 34-36.
"A challenge to eligibility does not, however, involve an attack by the insurer on the validity of the master policy. The defendant is not seeking to set aside the policy because of the misrepresentations made and the only aspect of the insurance plan which is affected is the payment sought by a single beneficiary. Moreover, even as to that beneficiary, while the defendant may have relied on his representations as well as those of the decedent, the defendant's success in this litigation does not require that the defendant establish the falsity of those representations as such ... [It is] the fact of eligibility or ineligibility which would be decisive, not what prior representations had been made on the subject.
* * * * * *
"A further factor which we deem significant was expressed in Rasmussen v. Equitable Life Assurance Society of the *441 United States, 293 Mich. 482, 487, 292 N.W. 377, 380, in connection with a group policy excluding employees over a certain age: `[A] greater social good is served by enabling employed groups to obtain the most advantageous protection that their status warrants by restricting the invitation to particular age groups. Those who deliberately misstate their age and thus tend to lower the experience record of the group should not be placed by construction within the aegis of the incontestability provision.'
"Similarly, in the present case we can envisage the possibility of an adverse effect upon other employers if, by virtue of the incontestability clause, claims must be paid out upon the death of persons not meeting the standards of eligibility contained in the policy, in that actuarial calculations upon which the premium rate had been determined could be distorted, with the consequence of increased rates being imposed as the result of experience rating. [Citations omitted.]
* * * * * *
"A third consideration underlying the decision we reach lies in the possibility that an employee who is eligible at the time when the policy is issued might, at some point more than two years after the issuance date, cease to be a full-time employee, or, indeed, even terminate his employment. Were the incontestability clause to be applied in such a situation, there would appear to be no manner in which payment of a claim could be resisted if the employer or employer group had failed to notify the insurer of the change in the status of the employee. We think that the termination of employment is clearly a matter which the insurer may raise, as was held by the appellate court in Baker v. Prudential Insurance Company of America, 279 Ill. App. 5. On the same reasoning we believe that raising the question whether a person ever became an employee or became an employee of the type eligible for insurance is also not barred by an incontestability clause." (Emphasis ours.)
We adopt this reasoning.
In view whereof, the judgment appealed from should be, and the same is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] 18 G. Couch, Insurance § 72.98 (2d ed. 1968).
[2] (1969), 24 N.Y.2d 262, 299 N.Y.S.2d 835, 247 N.E.2d 655.
[3] (1973), 56 Ill.2d 41, 305 N.E.2d 144.
[4] Id. at 149-51.