SHAHOOD, Judge.
Appellant, Barbara Loring, seeks review of her conviction for grand theft in the second degree in violation of sections 812.014(l)(a), (l)(b) and 812.014(2)(b), Florida Statutes (1993). The charges stem from appellant’s misrepresentations on a life insurance policy of which she is a beneficiary. The principal issue she raises is whether the trial court erred in denying her motion to dismiss which was based on an “incontestability clause” in a life insurance contract and sections 627.455 and 627.560, Florida Statutes (1993). We affirm appellant’s conviction.
Appellant’s employment originally began with the City of Pompano Beach credit union in 1984. During the course of her employment she succeeded to the position of manager, a position she held at all material times relative to these incidents. Membership in the credit union was formerly limited to city employees and their families; however, at one point the State of Florida examiners recommended to the board of directors of the credit union that its membership be expanded by taking in “another city or two,” “expanding in some way, shape, or form,” or (permitting membership to) “people that lived in Broward County.” The credit union’s board of directors approved the expansion, but it was never submitted to the State of Florida or otherwise approved by the state.
In the meantime, the credit union entered into an agreement with Reliance Standard Life Insurance Company (“Reliance”) to offer policies of life insurance to “employees of the City of Pompano Beach who are also *166 members of the credit union.” The individual policy application asked the prospective insured (1) are you actively at work; and (2) if so, are you able to perform all the duties of your occupation.
On February 4, 1985, an application for membership to the credit union was submitted in the name of Janet Vatavuk, a friend of appellant who was not an employee of the City of Pompano Beach. Vatavuk had terminal cancer and appellant knew it. On February 11,1986, appellant and Vatavuk prepared an application for life insurance with Reliance. The application named Vatavuk as the insured, listed her occupation as “bookkeeper” employed by the “City of Pompano Beach,” and stated that she had held that position for three years. These representations were false. The face amount of the policy was $49,524.00; appellant was named as the beneficiary. The effective date of the policy was March 1, 1986, two years and twelve days prior to the death of the insured Vatavuk. Reliance paid the proceeds to appellant without contest.
There was testimony presented at trial that Janet Vatavuk had become 100% disabled according to the social security administration in 1982. There was also testimony that appellant had become acquainted with the deceased insured sometime in 1981.
Additional testimony indicated that Vata-vuk did not pay any of the premiums; appellant acknowledged paying the life insurance premiums for more than two years. There was also expert testimony that appellant filled out all information on Vatavuk’s credit union application, except for the signature line. In addition, the state presented expert testimony at trial that the “membership eligibility” line on the credit union application contained correction fluid with the words “Broward County resident” written over the correction fluid. The witness further testified that when the correction fluid was chemically removed the words “cousin of J. Lor-ing” were written there as the original entry and then crossed out and replaced with correction fluid.
This group life insurance policy had an incontestability clause which was consistent with our incontestability statute applicable to group life insurance policies. Section 627.560, Florida Statutes (1993), which provides:
A group life insurance policy shall provide that the validity of the policy shall not be contested, except for nonpayment of premium, after it has been in force for 2 years from its date of issue. No statement made by any person insured under the policy relating to that person’s insurability shall be used in contesting the validity of the insurance with respect to which the statement was made after the insurance has been in force prior to the contest for a period of 2 years during that person’s lifetime nor unless it is contained in a written instrument signed by him.
Appellant takes the position that by virtue of the incontestability clause, Reliance was legally obligated to pay, and thus had no proprietary interest in the proceeds. According to appellant, Reliance was not deprived of any property, and there was accordingly no theft. We disagree.
In Home Life Insurance Co. v. Regueira, 313 So.2d 438 (Fla. 2d DCA 1975), cert. denied, 328 So.2d 844 (Fla.1976), a group life insurance policy covered all full-time employees of the decedent’s liquor business. The decedent was a beneficiary; however, he was not a full-time employee, and the second district concluded that the incontestability clause was no bar to the insurer contesting coverage. The court, recognizing that authorities in other jurisdictions were divided, adopted Crawford v. Equitable Life Assur. Soc’y of the U.S., 56 Ill.2d 41, 305 N.E.2d 144 (1973), in which the court concluded that if the beneficiary of a group life insurance policy was not eligible in the first place, that defense is not barred by an incontestability clause, explaining:
A challenge to eligibility does not, however, involve an attack by the insurer on the validity of the master policy. The defendant is not seeking to set aside the policy because of the misrepresentations made and the only aspect of the insurance plan which is affected is the payment sought by a single beneficiary. Moreover, even as to that beneficiary, while the defendant may *167 have relied on his representations as well as those of the decedent, the defendant’s success in this litigation does not require that the defendant establish the falsity of those representations as such ... [It is] the fact of eligibility or ineligibility which would be decisive, not what prior representations had been made on the subject.
[[Image here]]
A further factor which we deem significant was expressed in Rasmussen v. Equitable Life Assurance Society of the United States, 293 Mich. 482, 487, 292 N.W. 377, 380, in connection with a group policy excluding employees over a certain age: ‘[A] greater social good is served by enabling employed groups to obtain the most advantageous protection that their status warrants by restricting the invitation to particular age groups. Those who deliberately misstate their age and thus tend to lower the experience record of the group should not be placed by construction within the aegis of the incontestability provision.’
“Similarly, in the present case we can envisage the possibility of an adverse effect upon other employers if, by virtue of the incontestability clause, claims must be paid out upon the death of persons not meeting the standards of eligibility contained in the policy, in that actuarial calculations upon which the premium rate had been determined could be distorted, with the consequence of increased rates being imposed as the result of experience rating.” [Citations omitted.]
Regueira, 313 So.2d 438 at 440-41.
We agree with the reasoning of Crawford and Regueira, and thus hold that in the present ease Reliance would have been entitled to contest the payment of the benefits. This disposes of appellant’s argument that she did not obtain the property of another.
Next, appellant contends that the court erred when it failed to instruct the jury on her defense of good faith. Her first requested jury instruction stated as follows:
It is the Defendant’s theory of defense that at the time she assisted the decedent in joining the credit union and subsequently, in applying for insurance, she reasonably and in good faith believed that her actions were proper under the rule adopted by the board of the credit union; and the instructions of the insurance agent.
A person does not act with criminal intent if her actions are done in good faith. A person acts in good faith if she honestly believes that she is complying with the law.
If after careful consideration of all the evidence in this case, there remains in your mind a reasonable doubt as to the Defendant’s belief that her actions were authorized and that she did not intend to commit a crime, then the Defendant is entitled to the benefit of that doubt and you should find Defendant not guilty. If, on the other hand, you do not have a reasonable doubt you should find her guilty.
The trial court declined to give the requested instruction since the allegation of fraud stemmed from appellant’s representation that Vatavuk was an employee of the City of Pompano Beach, and not from appellant’s assisting Vatavuk to join the credit union. The trial court also rejected the modified instruction which changed the first paragraph as follows:
It is the Defendant’s theory of defense that at the time she assisted the decedent in filling out the application for insurance that she reasonably and in good faith believed that her actions were proper under the rules adopted by the insurance company and the insurance agent.
The trial court found the modified proposed instruction found to be misleading. We agree.
There was no evidence, or indeed even any argument, that appellant acted in good faith when she represented on the application form that Vatavuk was and had been a bookkeeper with the City of Pompano Beach for three years. Therefore, the giving of the requested instruction under the circumstances would have served only to confuse and mislead the jury. See Butler v. State 493 So.2d 451 (Fla.1986); Dreisch v. State, 436 So.2d 1051 (Fla. 3d DCA 1983). We *168 reject appellant’s argument, and affirm the trial court in this regard.
We also affirm the final issue raised by appellant that it was error for the trial court not to deduct the amount of insurance premiums which she paid ($1,040.00) from the amount of restitution ordered ($49,-751.08). Appellant did not object to the ordered restitution at the sentencing; therefore, she has waived the issue. See Brooks v. State 605 So.2d 522 (Fla. 4th DCA 1992), Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991).
AFFIRMED.
KLEIN and PARIENTE, JJ., concur.