case, we treat the bill of exceptions that was signed, sealed, and allowed as a proper instrument for review.

We have examined the other assignments of error, and we do not think they are prejudicial in their nature or effect.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.

GLOBE & RUTGERS FIRE INS. CO. *v.* THE FULLER AUTOMOBILE CO.

(Decided October 21, 1929.)

*Mr. Clarence M. Smith,* for plaintiff in error.
*Messrs. Clark & Robinson,* for defendant in error.

CUSHING, P. J. The defendant in error, the Fuller Automobile Company, plaintiff below, brought an action in the court of common pleas of Hamilton county upon a policy of automobile insurance, claiming a loss and right to recover under the theft clause of the policy. The policy contained the following clause with reference to fire and theft: "Fire and Theft. Rate $.50. C. Theft, robbery or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occur during the hours of such service or employment or not * -* *."

A jury was waived, and the case was tried to the court. Upon a trial of the issues, the trial court, considering the evidence, found in favor of the Fuller Automobile Company and rendered judgment in its favor.

There are some questions of law raised in this proceeding in error, which are not important in determining the question under review. One of those questions goes to the burden of proof. This proposition was argued orally and in the brief, but, in my opinion, that question is immaterial, for the reason that the trial court placed the burden of proof on plaintiff, defendant in error here, and it was required to maintain that burden at the trial.

Another point is made that the petition is insufficient in that it failed to allege the theft was committed by a person other than an employee, and a demurrer to the petition should have been sustained. However, the answer pleads that the theft was by an employee, thereby presenting the issue.

The proposition, therefore, turns on whether or

not the evidence, and the inferences to be drawn therefrom by the court sitting in the place of a jury, would justify the court in finding the theft was by a person other than an employee.

The facts briefly stated are as follows:

The Fuller Automobile Company employed a car washer by the name of Jackson, paying him at the rate of 45 cents per hour while working. He had no definite hours of employment, and he could return to work or not as he saw fit, or the company could refuse to put him to work if it saw fit. In other words, the employment was not permanent and continuing, but terminable at any time by either the employee or the employer, without notice from one to the other.

It appears that on a Saturday, Jackson, at 11:30 a. m., punched the time clock, and left the premises of the automobile company. The record does not show any communication between Jackson and his employer at this time. On the evening of the same day, between 7:30 and 8 o'clock, Jackson went to the automobile company's place of business, took a new automobile, and was leaving the city, and while speeding in an outlying village he was intercepted, and ran the car into a pole, badly damaging it. He was arrested and returned to the city, and held for the crime of theft.

As above stated, the question then is: Was Jackson at the time he stole this car an employee? This question of when a person is or is not an employee has caused some difficulty in other cases.

In the case of *Ætna Life Ins. Co.* v. *Lembright,* reported in 32 Ohio App., 10, (166 N. E., 586), a like question arose, concerning a group insurance policy.

It appears that one Lester was an employee of a paper company which carried group insurance. Lester, who had been a regular employee, did not work for the paper company in any capacity after December 16, 1924. January 7, 1925, he received a check for a small balance for work done on December 16th. He received no further sums from the company except that on December 23, 1925, the company sent to Lester a Christmas greeting check for $5. Lester was carried on the payroll of the company without pay until May, 1925. Lester was employed by the paper company for no definite period. He could leave the employment when he saw fit, and the company could dispense with his services when it saw fit. Lester died May 13, 1926. The question before the court was whether or not he was an employee under the circumstances — not having been directly discharged — and entitled to the benefit of the group insurance. There are some other circumstances in that case which would have some bearing on determining the question, but the fact remains that the court held Lester was not an employee under the circumstances, and that his beneficiary was not entitled to any benefit under the policy.

The main difference, as we take it, between the *Ætna Life Insurance case* and the case under consideration is the length of time passing after the employee ceases to work and the time when the cause of action accrues. In the *Ætna Life Insurance case* it was some months before the question arose. In our case, the question of liability or non-liability arose in a much shorter time. I do not, however, think the question of time determines the proposi-

tion, since, as above stated, the employment was at will and for no definite period. The question of whether or not Jackson was an employee at the time of the theft was a question of fact for the jury, in this case the court, sitting in the place of a jury.

If Jackson's employment did not cease when he left at 11:30 a. m., when did it cease? He has never been back, except as he was brought back for trial for the theft. He was leaving the city, and used the stolen machine to leave. If the suggestion of counsel for the insurance company is correct, Jackson must necessarily still be an employee, although he has not been back since the date of the theft. If we eliminate from the consideration of the evidence the fact that the theft took place, and consider the case from the fact alone that Jackson could quit whenever he pleased, and he left at 11:30 a. m. on Saturday, and never came back, I think any one would concede that the jury might reasonably infer that he severed his relation as an employee when he left at 11:30. In other words, the insurance company undertakes to connect Jackson as an employee by reason of the fact, and that only, that he stole an automobile that night. This is not proof of employment.

My conclusion is that the trial court could reasonably infer from all the facts and circumstances that Jackson severed his relationship as an employee of the automobile company when he left at 11:30 a. m. on Saturday, and that the question is not a question of law for this court to determine. The trial court having determined the **fact** in favor of the automr

bile company,.in my opinion this court would not be justified in disturbing the judgment.

*Judgment affirmed.*

HAMILTON, J., concurs.

ROSS, J., dissenting. This case comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein a judgment was rendered in favor of the plaintiff below, the Fuller Automobile Company.

Suit was instituted upon a policy of insurance issued by the plaintiff in error, in which it was recited that the policy insured the defendant in error against loss by theft under the following clause:

"Perils. Liability assumed only for such and so many of the perils named below, as are indicated by a specific premium in writing set opposite thereto.

"Fire and Theft. Rate $.50. C. Theft, robbery or pilferage, excepting by any person or persons in the assured's household, or in the assured's service or employment, whether the theft, robbery or pilferage occur during the hours of such service or employment or not * * *."

The petition did not allege, however, that the theft was by one other than an employee of the insured. A demurrer was filed to the petition, and overruled. The answer alleged affirmatively that the theft was by an employee, so that the ultimate issue of fact was the question as to whether the thief was or was not an employee of the insured at the time of the theft.

The court below, upon the evidence submitted, found that the thief was not an employee at the time

of the theft, and rendered judgment in favor of the insured; the case being tried to the court without a jury.

The evidence on the question of employment is that a car washer by the name of Jackson had been employed by the insured for several weeks previous to the theft, being paid at the rate of 45 cents per hour. He had no definite hours of employment, and the pay roll introduced in evidence indicated that he received varying sums in the several weeks of his employment. He was notified by the insured that if he did not report for work, or if he quit, he was subject to discharge. However, he was advised that he could quit whenever he wanted to.

The insured testified that the car washer did not get "Saturday afternoon off."

On Friday, the day preceding the taking of the automobile, Jackson had been paid for the week ending the previous Wednesday, on the basis of 54 hours and 36 minutes. There was due him on this Saturday the wages earned on Thursday, Friday, and Saturday, amounting to $9.90. This amount was held in an envelope for him for a long time after the theft of the car.

At 11:30 a. m. on Saturday, Jackson punched the time clock, and there is some evidence to indicate that he requested and was given the permission of an officer of the company to remain away Saturday afternoon. There is absolutely no evidence that he was discharged, or that he at any time communicated his intention to quit his employment to any person connected with the insured.

At about 7:30 p. m. Jackson returned to the garage of the insured, took an automobile, and was

later arrested in it for speeding in an outlying village of Cincinnati. He was not available as a witness at the trial, having escaped from the reformatory.

The language of the policy quoted above does not embody a coverage and exception thereto, but on the contrary identifies a specific risk, to wit, theft by a person other than an employee of the insured.

There is but one question for decision by this court, and that is whether there was any evidence adduced before the trial court justifying the conclusion that Jackson was not an employee of the insured. If there was such evidence, the judgment below, in favor of the insured, was correct; otherwise, not.

It has been insistently urged that in construing a policy of insurance the policy must be construed most strongly against the insurance company. We do not think that this rule is necessarily invoked by the question presented in this case. The question before this court is not the question of the construction of a policy, which in the instant case is plain and simple, but the effect of the evidence adduced to prove loss thereunder.

In the instant case it is necessary that the insured prove by a preponderance of the evidence: (1) That there was a contract of insurance covering the specific risk, for which suit is brought; and (2) that the automobile was stolen by some person other than an employee of the insured. *Valley Mercantile Co.* v. *St. Paul Fire & Marine Ins. Co.*, 49 Mont., 430, 143 P., 559, L. R. A., 1915B, 327, Ann. Cas., 1916A, 1126.

The employment of the car washer having been

admitted by the insured, it became necessary to prove by a preponderance of the evidence that this employment had ceased, and, not only that it had ceased, but that it had ceased previous to the taking of the automobile. The petition failed to allege this, and was to that extent demurrable, and the demurrer should have been sustained.

The difficulty or even impossibility of proving when the employment ceased cannot be substituted for proof that it did cease and for proof when it did cease. The employment was patently one at will, severable by either party. The insured not having terminated the employment previous to the theft, it is necessary for the insured to prove some act or decision on the part of the employee severing the relationship. And in this connection the provision of the policy excluding risk for an employee "whether the theft * * * occur during the hours of such service or employment or not" must be borne in mind.

It is urged that the employee "decided" to quit when he left at 11:30 a. m. Saturday. Is punching a time clock, and failing to ask for wages earned, consistent with such an attitude of mind or decision? When, then, previous to the theft, did Jackson decide to quit? Where is there a scintilla of evidence proving such intention, or proving the time when any decision was made? Was there any intention to quit formulated at all?

The taking of the automobile does not furnish the requisite proof of an intention to quit employment *previous* to the theft, for, if it be taken for granted that at the time Jackson took the car he intended to quit, still, at that instant, the theft was being com-

mitted by an employee. It is apparent that if the taking of the automobile is accepted as sufficient proof of the decision to sever the relationship, the line of cleavage between employment and nonemployment is so close to the instant of theft as not to justify any conclusion thereon.

The evidence upon the question of employment is wholly circumstantial, and any conclusion reached upon the time when the employment ceased must be based wholly upon conjecture and guesswork, as distinguished from authorized legal and logical inference. Each fact proved is capable of multiple hypotheses. If this case is not one constituting a failure of proof, then no court has a right to question any conclusion of a trier of facts, no matter how imaginative or conjectural that conclusion may be.

Reason and justice support the position of the insurance company in requiring the risk from theft to be identified by limiting it to those other than employees, when so contractually limited. The risk from employees is much higher, owing to their right of access to and their control over the property, than is the risk from strangers.

An examination of the opinion in the case of *Ætna Life Ins. Co.* v. *Lembright,* 32 Ohio App., 10, 166 N. E., 586, shows the facts in that case to be clearly distinguishable from the facts in the case at bar.

It has been suggested that by adding a limitation to the risk providing that if the theft be committed by an employee who has not been in the employment of the insured, for say a period of ten days, this question might have been eliminated. It is in this connection worthy of note that the insurance com-

pany should not be prejudiced because it has been more liberal in its coverage than it might have been. The policy covers theft by a person who has been out of the employment of the insured, though only for a brief time. It is not unreasonable that the law should require *proof* that said employee *was* out of such employment *when* the theft was committed.

For the reasons given, I must dissent from the majority opinion.