Nelson et ux., Appellants, *v.* Aetna Life Insurance Company of Hartford, Conn.

Argued May 2, 1934.

16

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*H. M. Lubic*, for appellant.

*John M. Reed*, for appellee.

Opinion by Trexler, P. J., October 3, 1934:

Burt E. Nelson entered into the employ of H. J. Heinz Company on September 29, 1930, at a monthly salary of $40. On December 29, 1930, a certificate of insurance was issued to him under a group insurance plan. The insured was to pay a monthly premium of $.62, which was deducted from his wage check. The first premium was deducted on January 31, 1931, and thereafter each month the same amount, the last deduction being made on the 17th day of June, 1931, upon which day a check for wages due *to that date* was received by him. On July 17, 1931, the insured died. Payment of the amount stipulated in the policy was refused by the insurance carrier, and the beneficiaries named in the contract brought this suit. The certificate issued under the policy, the pay vouchers and the admissions contained in the pleadings as to the date of death and the identity of the plaintiffs' decedent comprised the entire proof presented by

them. The last payment was made, as stated, on June 17, 1931, and it is admitted that no later payment of wages was made. No effort was made to prove that Nelson was in the employ of H. J. Heinz Company at the date of his death. The policy, issued by the defendant insurance carrier to the H. J. Heinz Company, insuring the employees in a group contained a provision which stipulated, "The insurance under this plan will cease upon failure on the part of the employee to pay the required premium contribution to the H. J. Heinz Company, upon termination of employment, or upon discontinuance of the group policy." The plaintiffs offered nothing to show the payment of premiums beyond the month of June or that the insured died when he was still in the employ of the company. It being admitted that plaintiffs' proof presented all the payments made, it fails to show an essential element in their case, namely, as stated, that the decedent was still in the employ of the company. The plaintiffs assumed the burden of proving that the conditions set forth in the certificate were met. They failed to prove that the policy was effective when the employee died. Plaintiffs' proof does not disclose a prima facie case. It does not support any presumption of payment of the premium required to continue the insurance, in fact it gives support to the contrary conclusion.

We need not, however, base our conclusion in the absence of sufficient proof on the part of the plaintiff. The defendant offered evidence that Nelson, the deceased employe, had been discharged on June 17, 1931. The employment record, the receipt in evidence of which is not assigned for error, shows that Nelson was discharged on June 17, 1931, by reason of "impudence and indifferent attitude toward his work." It thus appears that the uncontradicted oral and record evidence, including the vouchers offered by the plain-

tiffs, show conclusively that employment terminated on June 17, 1931. It might be argued that by payment of the full premium for the month of June, the employee was beneficial up to the end of that month, but admitting, arguendo, that it might have that effect, it does not lend support to the position that he was beneficial after the time covered by the premium had elapsed.

The judgment of the lower court is affirmed.