HAWTHORNE *v.* METROPOLITAN LIFE INSURANCE CO.

1. INSURANCE—GROUP POLICY—CONTRACT.
   Group insurance policy, application therefor by employer and individual application by employee constitute the insurance contract between the parties (3 Comp. Laws 1929, § 12435).

2. SAME—GROUP POLICY—TEMPORARY LAY-OFF—PERMANENT DISCHARGE—CONTINUANCE OF INSURANCE.
   Although an employer has the right to treat an employee who has been temporarily laid off as still in its employ for the purpose of continuing his insurance under a group policy, the employer has no right to continue such insurance if the employee was permanently discharged, and if it does so the insurer will not be liable under its contract.

3. MASTER AND SERVANT—DISCHARGE—QUITTING—MUTUAL CONSENT.
   Ordinarily an employee may be discharged, or quit, at will if there is no fixed term of employment as it cannot be said a job is held except by mutual consent of employer and employee.

4. INSURANCE—GROUP POLICY—PURPOSE—COVERAGE.
  Group insurance policies are issued to the employer to insure employees; one who is not an employee is not insurable; an employee is entitled to coverage under the certificate issued to him only while he remains in the employ of the employer and upon payment of monthly premiums; and no recovery may be had for the death of one who has been an employee of the insured under a group policy after the termination of his employment except in strict compliance with the terms of the policy.

5. SAME—AUTOMATIC DISCONTINUANCE.
  Courts give effect to provisions in insurance policies providing for automatic discontinuance.

6. SAME—ACTION OF ASSUMPSIT—BASIS OF RECOVERY.
  Recovery in action of assumpsit on insurance policy must be based upon the contract as a court cannot, under the guise of construction, reform a policy or write a new contract.

7. SAME—GROUP POLICY—AUTOMATIC DISCONTINUANCE OF COVERAGE AFTER TERMINATION OF EMPLOYMENT.
  Under group insurance policy providing that life insurance on any employee insured thereunder should cease automatically 31 days after date of termination of his employment, employee who was discharged August 10th, whose employer paid his insurance up until the end of August, and who was not totally disabled from performing work for profit because of injury or disease until stabbed to death on September 28th was not covered by life insurance under such policy after September 10th so as to permit recovery of death benefit by his widow as beneficiary.

Appeal from Wayne; Campbell (Allan), J. Submitted April 12, 1938. (Docket No. 19, Calendar No. 39,913.) Decided June 30, 1938.

Assumpsit by Doloris Hawthorne against Metropolitan Life Insurance Company, a New York corporation, on a life insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Samuel L. Weller* (*Albert Summer,* of counsel), for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright* (*R. William Rogers,* of counsel), for defendant.

Potter, J.   Plaintiff, as wife of Roosevelt Hawthorne and beneficiary under a group insurance policy covering his life issued by the Metropolitan Life Insurance Company, brought suit against defendant to recover on the policy for his death. Roosevelt Hawthorne was insured under group policy No. 3200-G of defendant issued to the General Motors Corporation subsidiaries and affiliated companies, among which was the Saginaw Malleable Iron Division of the General Motors Corporation by which Hawthorne was employed. A certificate was issued by defendant in which plaintiff was named as beneficiary.

Roosevelt Hawthorne applied for group insurance June 27, 1933, and authorized deduction of premiums from his pay each month. For the period from July 15, 1934, to July 28, 1934, $1.23 was deducted from his pay for insurance. The premium on the insurance was paid by the General Motors Corporation up to the end of August, 1934. Roosevelt Hawthorne had paid his insurance by pay deductions up until the end of August, 1934.

The foreman who had direct supervision of Hawthorne during his period of employment testified Hawthorne had been employed for approximately a year and that he ceased working in August, 1934. At that time he was pouring iron on the line, walked off the line at the Malleable Iron Division and was standing outside. The foreman told him to go back to work on the line, he refused to do so, and was then discharged. The foreman testified:

"I signed the release of Roosevelt Hawthorne who was released on August 10, 1934. I discharged him one or two days before that, about the 8th of August."

On cross-examination, he testified he did not know Hawthorne was sick at the time he discharged him or that he was subsequently attended by a doctor. He further testified it was not the first time Hawthorne had run off the line, he had told him to go back to work, and Hawthorne refused to do so.

According to the pleadings and a stipulation on file, Hawthorne's employment terminated August 10, 1934. The employer sent a report to the Metropolitan Life Insurance Company September 20, 1934, covering the month of August, 1934, dated September 5, 1934. The report did not indicate deceased's insurance was in force. Hawthorne died September 28, 1934, from stab wounds inflicted by another in the city of Saginaw. On the date of his death, he was not totally disabled from performing work for profit because of any injury or disease.

The group policy above mentioned provides:

"Section 11.    *    *    *

"(a) The life insurance on any employee insured hereunder    *    *    *    shall cease automatically 31 days after the date of termination of employment of such employee, except as provided in the next succeeding paragraph.    *    *    *

"As to the life insurance of any employee insured hereunder    *    *    *    cessation of active work shall be deemed to constitute the termination of his employment except that in case of the absence of such employee from active work on account of:

"(1) Sickness or injury,

"(2) Retirement,

"(3) Leave of absence or temporary lay-off of not longer than 2 months if the employee has 2 years but less than 10 years of service,

"(4) Leave of absence or temporary lay-off of not longer than 5 months if the employee has 10 or more years of service,
the employment of such employee may, for the purposes of the life insurance hereunder, be deemed to continue until terminated by the employer, as evidenced to the company by the employer, whether by notification or by cessation of premium payment on account of the life insurance hereunder on such employee."

Plaintiff seeks to recover the face value of the policy ($2,000) from defendant.

The contract upon which plaintiff must rely is to be found in the policy and the applications of the employer and individual applicants for insurance, if any. 3 Comp. Laws 1929, § 12435 (Stat. Ann. § 24.271).

Plaintiff sought to show deceased was ill at the time he was discharged, was confined to his bed for one week thereafter and attended by a doctor, and continued to be indisposed and unable to work for some time. The trial court rejected this testimony and upon the conclusion of the case directed the jury to return a verdict of no cause of action. Judgment was entered on this directed verdict and plaintiff appeals.

Plaintiff contends such testimony should not have been excluded because it would tend to prove deceased was absent from active work on account of illness and, therefore, would come within the exception provided for in the quoted portion of the policy above when he walked off the line and refused to return, telling the foreman he couldn't. It is plaintiff's contention that Hawthorne's insurance, having been paid up until the end of August, his insurance would continue for 31 days thereafter unless the employer had prior thereto notified the insurance com-

pany to terminate the insurance; that the testimony disclosed the notice of termination was sent on September 20, 1934, and under the circumstances, Hawthorne having died September 28, 1934, prior to the expiration of his insurance, his beneficiary is entitled to recover the amount of the insurance.

Defendant contends the first paragraph of the quoted portion of the policy controls the duration of insurance coverage; the employer had a right to terminate the employment whether the insured was sick or not; the employment was definitely terminated by affirmative act of the employer on August 8 (stipulated August 10), 1934; the second paragraph of the policy above quoted deals with the situation where cessation of active work is considered a termination of employment; and the exceptions to the rule are clearly and expressly made contingent upon the will of the employer.

"The termination of the group policy and of the employee's individual coverage probably has been the source of more litigation than any other phase of the group insurance set-up." Crawford and Harlan, Group Insurance, § 32.

It is not always clear when the employment ceases or terminates. As a result, questions relating to termination of employment have been frequently before the courts. Crawford and Harlan, Group Insurance, § 34.

"Most group policies provide that the insurance on any employee may be continued at the employer's option during a temporary lay-off, temporary disability, or leave of absence. This is a right accorded to, or reserved by, the employer, and constitutes an exception to the general provision that the insurance shall cease with the termination of employment. The exercise of this right of election depends on the employer's intention, or mental attitude, as against the fact that the employee has ceased to work. Conse-

quently, resort may properly be had to any attendant circumstances, or to precedents, customs, or practices arising from similar situations with reference to other employees of the same employer, as evidence tending to show the employer's intent or mental attitude in a particular case.  Although the employer has the right to treat an employee who has been temporarily laid off as still in its employ for the purpose of continuing his insurance, *the employer has no right to continue such insurance if the employee was permanently discharged, and if it does so the insurer will not be liable under its contract."*  Crawford and Harlan, Group Insurance, § 34.

There is no claim Hawthorne was working under a contract of employment for a particular length of time.  Ordinarily an employee may be discharged, or quit, at will if there is no fixed term of employment.  *McClain* v. *Township of Royal Oak,* 276 Mich. 185.  It cannot be said a job is held except by mutual consent.  One may not hold a job without the consent of his employer.  Nor may the workman against his will be held to service by his employer.  *Pope Motor Car Co.* v. *Keegan,* 150 Fed. 148.  The discharge of plaintiff's decedent on August 10, 1934, is admitted.  His employment terminated at that time. More than 31 days, therefore, elapsed before his death.

Group insurance policies are issued to the employer to insure employees.  One who is not an employee is not insurable.  The employee is entitled to coverage under the certificate issued to him only while he remains in the employ of the employer and upon payment at the beginning of each month of the premium upon the insurance policy.  *Ætna Life Ins. Co.* v. *Carroll,* 188 Ark. 154 (65 S. W. [2d] 25).  No recovery may be had upon an insurance policy for the death of one who has been an employee of the

insured under a group policy after the termination of his employment (*Colter* v. *Travelers Ins. Co.*, 270 Mass. 424 [170 N. E. 407]), except in strict compliance with the terms of the policy. *Nelson* v. *Ætna Life Ins. Co. of Hartford, Conn.*, 115 Pa. Super. Ct. 15 (174 Atl. 624). The very purpose of the group insurance is to safeguard or provide for employees. It would be unreasonable to conclude the policy would inure to the benefit of those who have ceased to be employees. The courts have repeatedly given effect to provisions in policies providing for automatic discontinuance. *Pegues* v. *Equitable Life Assurance Society of the U. S.* (Mo. App.), 57 S. W. (2d) 705; *Douglas* v. *Metropolitan Life Ins. Co.* (Mo. App.), 297 S. W. 87; *Ætna Life Ins. Co.* v. *Lembright,* 32 Ohio App. 10 (166 N. E. 586).

Recovery must be based upon the contract. We cannot, under the guise of construction, reform a policy of insurance or write a new insurance contract. *Lombardi* v. *Metropolitan Life Ins. Co.*, 271 Mich. 265.

It is undisputed that Roosevelt Hawthorne was discharged, according to the testimony, on August 8 (according to the stipulation, August 10), 1934. The life insurance upon him ceased 31 days after the termination of his employment, or September 10, 1934. Under no circumstances, was the defendant liable beyond that period. Plaintiff's decedent was killed September 28, 1934, after the expiration of liability on the group insurance policy in question and there can be no recovery on such policy under the undisputed facts. The trial court was correct in directing a verdict.

Judgment of the trial court affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.