## (October 23, 1956)

■ ANNA EAGON, Respondent, v. UNION LABOR LIFE INSURANCE COMPANY, Appellant, et al., Defendant.

VALENTE, J. (dissenting). Plaintiff-respondent was awarded a judgment in the Municipal Court on a group life insurance policy issued by the appellant to the Pocketbook Workers Union and on appeal to the Appellate Term the judgment was affirmed, one Justice dissenting. No opinion was rendered by either court.

The contract of insurance sued upon expressly limits the coverage to union members and does not require the union member to apply for the insurance. The master policy contains an incontestability clause after a one-year period and provides that coverage ceases "upon the expiration of thirty-one days following the termination of his membership in the Union". There are also conversion privileges which are not pertinent.

Certificates of insurance were issued *pro forma* by the appellant on the statement of the employer, listing an employee as a member of the union and payment of the premium. Respondent is the beneficiary of Alfred Eagon who died possessed of a certificate of insurance issued in his name.

Factually it appears that Eagon's employer listed him as a union member for a period of seven years while he was alive and in its employ, and paid the premiums due under the policy. On this listing the appellant issued a certificate of insurance in his name. The record is not clear as to the circumstances under which the certificate came into his possession. Concededly, he was never a member of the union. The union never certified him as a union member — either to his employer or to the appellant. His nonunion status became known to the appellant when, following his death, the union refused to furnish his beneficiary with proof of claim forms.

The respondent herein is entitled to recover only if Eagon was within the coverage provided by the contract of insurance. Stated another way, the respondent can recover only if the appellant contracted to insure Eagon's life. To determine this we look to the contract of insurance which, in this case, consists of the master policy of insurance issued by the appellant to the Pocketbook Workers Union and the application of the union for that policy.

The certificate of insurance issued by the appellant in the name of the deceased Eagon is not part of this contract. It is merely evidence that a contract is in existence and sets forth the right of the holder to protection under the terms of the policy subject to the limitations therein. (*Boseman* v. *Insurance Co.*, 301 U. S. 196; *Stark* v. *Masonic Life Assn.*, 180 N. Y. S. 235, affd. 194 App. Div. 900; *Seavers* v. *Metropolitan Life Ins. Co.*, 132 Misc. 719.)

Indeed, the certificate issued to Eagon sets forth that it was furnished in accordance with the terms of the contract of insurance and "is subject to all of the terms and conditions of said policy which, together with the Union's application therefor, constitutes the entire contract between the parties."

In the clearest of terms the contract of insurance indicates that the appellant undertook to insure members of the Pocketbook Workers Union who met specified requirements and that was the only risk it assumed. The purport of the contract and the intent of the parties is plain and unequivocal. The status of a union member was as significant as the identification of the insured. The condition of union membership went to the essence of the promise to insure. A nonunion member has no more right under this contract than would a person other than the one designated in the certificate of insurance. It is obvious that the parties never intended to insure Eagon. He was not a member of the union and, therefore, there was no contract to insure him.

In the face of the clear and obvious mandate of the contract of insurance — that only members of the union are insurable — the next inquiry in logical progression is whether the incontestability clause of the policy precludes the appellant from showing that Eagon was not a member of the union. Legally it does not. Such a defense does not put in issue the validity or existence of the contract. The defendant, in effect, is saying there is a valid contract in existence but you cannot recover because the person under whom you are claiming never was within the defined limits of coverage.

In *Matter of Metropolitan Life Ins. Co.* v. *Conway* (252 N. Y. 449, 452) the court said: "The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limts of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken." (See, also, *Wilmington Trust Co.* v. *Mutual Life Ins. Co. of New York*, 68 F. Supp. 83.)

The incontestability clause should not be used to bring within the coverage of the contract a risk that is specifically excluded. To permit it is to sustain a claim that is obviously unjustified for it is a fair assumption that Eagon was listed as a union member and came into possession of his certificate of insurance by questionable means. He knew he was not a member of the union and it cannot be said that he was misled or lulled into a false sense of security when he received the certificate of insurance.

The members of the union were third-party beneficiaries of the gratuitous procurement of the insurance by the union. Eagon acquired no right under the policy because he was not a member of the union. He had no better right at the time of his death than he had seven years earlier when his employer first listed him as a union member. The payment of premiums by his employer could not change his nonunion status. In *Matter of Metropolitan Life Ins. Co.* v. *Conway* (*supra*, p. 454) Judge Cardozo stated: "The kind of insurance one has at the beginning, that, but no more, one retains until the end."

A similar issue was considered in *Rasmussen* v. *Equitable Life Assur. Soc.* (293 Mich. 482). The reasoning of the court and the result arrived at commends it for our consideration. As in this case, the action was brought by

a beneficiary to recover on a group policy. Under the terms of that policy the employee applied for insurance, and the application of the employee for coverage constituted part of the contract of insurance. The policy insured all employees in a certain age group.

The plaintiff's son in his application stated that he was under 40 years of age and, on his death, the company resisted payment, contending he was excluded from the coverage under the contract because he was over 40 years of age when he applied for insurance.

The court ruled that the incontestability clause was no bar to the suit, citing *Matter of Metropolitan Life Ins. Co.* v. *Conway* (*supra*) and stated at page 486: "The fact that the truth [as to the correct age] remains unrevealed for the period that would bar other defenses does not bring under coverage a risk expressly excluded by the policy." The opinion went on to state that since the language of the exclusion of risk in the contract was so clear and commanding, the court did not choose to follow the case of *John Hancock Mut. Life Ins. Co. of Boston* v. *Dorman* (108 F. 2d 220, and other cases cited). Parenthetically, the respondent here relies on the *Dorman* case.

The court concluded this phase of the opinion at page 487 as follows: "This is not a case where the company is contesting its contract. It is insisting that the contract is complete and incontestable, and that by its very terms plaintiff's decedent, because of his age, was not entitled to its benefits."

Another pertinent case is *Hawthorne* v. *Metropolitan Life Ins. Co.* (285 Mich. 329) which involved the termination feature of a group contract of insurance that provided for automatic discontinuance after a designated number of days subsequent to termination of employment. In commenting on group policies, the court stated at pages 335–336: "Group insurance policies are issued to the employer to insure employees. One who is not an employee is not insurable. The employee is entitled to coverage under the certificate issued to him only while he remains in the employ of the employer and upon payment at the beginning of each month of the premium upon the insurance policy. *Ætna Life Ins. Co.* v. *Carroll*, 188 Ark. 154 (65 S. W. [2d] 25). No recovery may be had upon an insurance policy for the death of one who has been an employee of the insured under a group policy after the termination of his employment (*Colter* v. *Travelers Ins. Co.*, 270 Mass. 424 [170 N. E. 407]), except in strict compliance with the terms of the policy. *Nelson* v. *Ætna Life Ins. Co. of Hartford, Conn.*, 115 Pa. Super. Ct. 15 (174 Atl. 624). The very purpose of the group insurance is to safeguard or provide for employees. It would be unreasonable to conclude the policy would inure to the benefit of those who have ceased to be employees."

How much more unreasonable it is to conclude that the policy in this case inures to the benefit of a nonunion member when it was expressly limited only to union members.

To sustain the courts below is to approve a paradoxical result. Had Eagon been a member of the union when the certificate of insurance was issued and permitted his membership to lapse during the seven-year interval, his beneficiary would have been denied recovery because of his nonunion status at the time of death. In permitting his beneficiary to recover, the court is giving a nonunion member a right greater than that accorded the union member whose membership lapses.

Since Eagon was not a member of the union, there was no contract to insure him and there can be no valid extension of the benefits of the contract of insurance to him. The determination, accordingly, should be reversed and the complaint dismissed.

Peck, P. J., Botein, Rabin and Frank, JJ., concur in decision; Valente, J., dissents and votes to reverse in opinion.

Determination affirmed, with costs to the respondent. [See *post*, p. 886.]