NORWOOD v. CONNECTICUT GENERAL LIFE
INSURANCE COMPANY.

1. INSURANCE—CONSTRUCTION OF POLICY—TERMINATION OF EMPLOY-
MENT.

Termination of employment for purposes of group insurance
policy must be based upon records of employer, without ref-
erence to union contract (CLS 1961, § 500.2226[2]).

2. SAME—GRACE PERIOD—GROUP POLICY—TERMINATION OF EMPLOY-
MENT.

Grace period under group insurance policy which began to run
as of actual date of termination by layoff of insured notwith-
standing fact that insured did not receive actual notice of
layoff until 4 days later, where insured was subject to imme-
diate layoff without advance notification, the notice given did
not relate to termination of employment but to re-employment,
hence, where insured died after expiration of grace period
without exercising conversion privilege under group policy,
it was no longer in force as to him (CLS 1961, § 500.2226[2]).

Appeal from Wayne; Montante (James), J. Sub-
mitted Division 1 January 5, 1966, at Detroit.
(Docket No. 938.)   Decided March 22, 1966.

Complaint by Octavene Norwood against Con-
necticut General Life Insurance Company, a Con-
necticut corporation, as beneficiary under a life
insurance policy covering her deceased husband,
Charles H. Norwood.   Summary judgment for de-
fendant.   Plaintiff appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29A Am Jur, Insurance §§ 1771–1773.
Termination of coverage under group policy with regard to termi-
nation of employment.   68 ALR2d 8.

*Goldstein & Goldstein (Alan P. Goldstein,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone (Wolfgang Hoppe,* of counsel), for defendant.

QUINN, J. As a beneficiary under a group life insurance policy carried by Gar Wood Industries on its employees, plaintiff sued defendant, the insurer, to recover the proceeds of the policy on the theory that Charles H. Norwood, her husband, was insured thereunder at the time of his death. Defendant denied that Charles H. Norwood was covered by the insurance at the date of his death. Parties agreed there were no factual issues requiring jury determination and filed cross-motions for summary judgment.[1] The trial court granted defendant's motion and plaintiff appeals.

The only issue presented is whether the insurance was in force as to Charles H. Norwood on the date of his death. Plaintiff and defendant each state three questions involved, but an answer to the issue as above stated necessarily resolves all questions raised by the parties.

April 27, 1949, Gar Wood entered into an insurance contract with defendant insuring the lives of certain Gar Wood employees. This contract was effective May 1, 1949, and continued in force through date of Charles H. Norwood's death. July 2, 1960, Gar Wood executed a union contract with Local No. 250 (UAW) AFL-CIO which was effective through September 1, 1962. August 22, 1960, Charles H. Norwood was hired by Gar Wood and became insured under defendant's policy July 1, 1961. Under the union contract, Gar Wood's regular work week was Monday through Friday and

1 See GCR 1963, 117.2(3).—REPORTER.

Thanksgiving was a holiday. By company policy, the Friday following Thanksgiving was not a work day. Thanksgiving of 1961 fell on November 23d. Having two days' vacation coming and desiring to take his family out of State over Thanksgiving, Charles H. Norwood arranged with the employer to take his two days' vacation November 20th and November 21st and for a leave of absence November 22d. By so doing, he had from November 17th, when he finished work, to the start of the shift November 27th for the trip. Norwood took the trip. November 17th, Bee Cox, a Gar Wood employee with more seniority than Norwood, was laid off. He was reinstated November 21st and assigned to Norwood's job.[2] Since Norwood was not at work November 21st, he was not given a layoff determination. November 22d, Norwood was notified by telegram of his displacement, but he did not receive this notice until he returned home November 26th. November 27th, Norwood signed a standard "determination of placement and recall procedure" form[3] which indicated his layoff was effective November 22d. Charles H. Norwood died on December 24, 1961. He was not employed by Gar Wood after November 22d and he did nothing to convert his insurance.[4]

---

[2] This procedure is known as "bumping" and is provided for in article 13 of the union contract. Section 8 of this article provides that when "bumping" occurs, the displaced person is subject to immediate layoff without advance notification. This section also provides, "Such employees shall be given a layoff determination prior to leaving the plant which shall be processed in accordance with section 5 above."

[3] Details of this procedure are found in section 5 of article 13 of the union contract.

[4] The conversion privilege provided in the insurance contract is as follows: "If written application and payment of premium are made by any insured employee to the insurance company within 31 days after termination of his employment for any reason whatsoever, the insurance company will issue, without evidence of insurability, any policy of life insurance (without disability benefit) applied for, which is customarily issued by it, except term insurance, in an amount not greater than the amount of the employee's life insurance under the group policy at the time of such termination. The new

The language of the insurance contract in effect during the events just recounted and dealing with termination of insurance is as follows:

"Termination of Insurance. The insurance on any employee shall automatically cease at the earliest time indicated below:

1. On the date of termination of his employment. Termination of active service shall constitute termination of employment, except as provided below." (The balance of this provision has no application to one in the position of Charles H. Norwood.)

The insurance contract further provided:

"Payment After Termination of Insurance. If any employee dies within 31 days after the termination of his insurance and while he is entitled to convert his insurance in accordance with the paragraph entitled "Conversion Privilege" herein, then the company will pay the amount of insurance which was in force on the date of termination of insurance immediately upon receipt of due proofs of death."

To bring herself within this 31-day period, plaintiff contends the union contract must be considered in construing the termination of insurance provision of the insurance contract. She claims if this is done, Norwood's termination of employment was November 26th, when he actually received the telegram notifying him of his displacement. If plaintiff is correct in this position, she is entitled to recover.

It is the opinion of this Court that plaintiff is not correct for two reasons. The insurance contract provides:

"The policy and the application of the employer, copy of which is attached to and made a part of

policy will be issued at the attained age of the employee, for the premium applicable to the class of risk to which such employee then belongs and will be effective at the end of 31 days after the termination of his employment. This conversion privilege shall be in lieu of all other benefits under the policy."

this policy, and the applications of the employees, if any, shall constitute the entire contract between the parties."

This provision complies with the statutory requirements found in CLS 1961, §§ 500.2226(2) and 500.4434 (Stat Ann 1957 Rev §§ 24.12226[2] and 24.14434). It means plaintiff's recovery must be based on the insurance contract. *Hawthorne* v. *Metropolitan Life Insurance Co.* (1938), 285 Mich 329. Under the insurance contract, termination of Norwood's employment was determined by Gar Wood, and its records clearly established November 22d as the termination date.

In the second place, accepting *arguendo* plaintiff's position that the union contract must be considered in construing the termination of insurance provision, section 8, article 13 of the union contract provides that a "bumped" employee is subject to immediate layoff without advance notification. The telegraphic notice plaintiff relies on is not part of termination under section 8, but is rather notice to qualify for re-employment under section 5 of article 13.

The insurance relied on by plaintiff was not in force on the date Charles H. Norwood died and the trial court is affirmed, with costs to defendant.

Lesinski, C. J., and J. H. Gillis, J., concurred.