PEOPLE *v.* O'NEAL

Appeal and Error—Criminal Law—Instructions to Jury—Timely Objection—Waiver.
> Failure to object at trial, as required by court rule, to a jury instruction that the pattern of larceny by trick previously employed by defendant would have a bearing on the jury's determination of whether the defendant intended to commit the same offense against the complaining witness, constituted a waiver of defendant's right to object to that instruction on appeal, where the defendant also had failed to present any argument contradicting, or even indicating his disagreement with, the trial judge's earlier announced position that defendant's prior convictions of larceny by trick could be used to establish a pattern of action, and where there was nothing in the record to indicate that such an objection by defendant would have been futile (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 October 17, 1969, at Detroit. (Docket No. 5,299.) Decided October 27, 1969.

James O'Neal was convicted by a jury of larceny by trick. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Owen J. Galligan,* for defendant.

Reference for Points in Headnote
5 Am Jur 2d, Appeal and Error § 891.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM.   James O'Neal and a codefendant were convicted after a jury trial of larceny by trick in violation of MCLA § 750.356 (Stat Ann 1969 Cum Supp § 28.588).   This appeal was brought following the denial of defendant's delayed motion for a new trial.

During the course of the trial, defendant testified in his own behalf.   On cross-examination it was developed that he had previously been convicted more than once of larceny by trick, although the acts involved in the prior crimes were not established. After several more questions regarding defendant's criminal record, the prosecutor asked whether defendant had ever been to the state prison at Jackson.   Defense counsel objected on the grounds that it was going too "far afield".   In sustaining the objection the court stated that while the particular question objected to was improper, the prior conviction could be used to attack credibility and to establish a pattern of action, which the trial judge felt had been established.[1]

In its charge the court instructed the jury that the pattern of action previously employed would have a bearing on the jury's determination of the intent of the defendants.[2]   The propriety of this instruction is the sole issue raised on appeal.

---

[1] The language of the trial court was as follows:
"I think this is improper questioning.   The only purpose of raising the question of conviction is for the purpose of determining the credibility of the witness.   Unless the prosecutor is trying to establish a pattern that might be involved in this case, which he has done so by an admission on the part of the defendant that he had been arrested on a charge of larceny by trick before—other than that, there should be no explanation of the number of times the defendant was arrested. He has replied he didn't recall."

[2] The court stated:
"Now, in a case of this sort, the prior convictions of larceny by trick can be given to you in assisting you in determining whether or

Defendant admits that he did not object to this instruction at trial as required by GCR 1963, 516.2. Defendant also failed to present any argument contradicting or even indicating his disagreement with the court's position when it was expressed earlier in sustaining defendant's objection to the prosecutor's question discussed above. Nothing in the record indicates that such an objection would be futile. Defendant's failure of timely objection waives his right to object to the instructions on appeal. *People* v. *Jefferson* (1969), 18 Mich App 9; *People* v. *Mallory* (1962), 2 Mich App 539; GCR 1963, 516.2.

The record reveals that defendant was given a fair and impartial trial and that no miscarriage of justice was committed.

Affirmed.

---

not this pattern that had been previously employed would have a bearing on your determination of the intent of these card players when they were with the complaining witness."