115 N.J. Super. 545 (1971)
280 A.2d 257
DORIS KOWALSKI, PLAINTIFF,
v.
THE TRAVELERS INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 19, 1971.
Mr. Michael H. Hochman for plaintiff (Messrs. Miller, Hochman, Meyerson & Miller, Esqs., attorneys).
Mr. George P. Moser for defendant (Messrs. Moser, Roveto & McGough, Esqs., attorneys).
VERGA, J.C.C.
This is an action by plaintiff to recover from defendant Travelers Insurance Company benefits as a result of her employment with Radio Corporation of America.
*546 An action was originally instituted by plaintiff Doris Kowalski against her employer, Radio Corp. of America, for wrongful discharge, and against Radio Communications Assemblers Union for breach of a fiduciary obligation to provide her with fair representation in any disputes she may have with her employer, and against Travelers Insurance Company for benefits which she was deprived of as a result of her wrongful discharge. The case against Travelers Insurance Company was severed. The trial against the employer and the union resulted in a money judgment in favor of plaintiff in the amounts of $15,000 and $1,000, respectively, for the illegal discharge by the Radio Corp. of America.
The issue to be decided is: where an employee is illegally discharged by the employer and the insurance company is notified of the discharge, does this terminate the employee's benefits under a group policy. A group insurance policy is, in effect, a contract between the employer and the insuror. A basic rule of contracts was stated in Midland Carpet Corp. v. Franklin Associated Properties, 90 N.J. Super. 42 (App. Div. 1966), where it was said "Where a writing is unambiguous, construction is not warranted." New Jersey courts have also held that "When the terms of a contract are clear, it is the function of the court to enforce it as written and not to make a better contract for either party." U.S. Pipe & Foundry Co. v. American Arbitration Ass'n, 67 N.J. Super. 384 (App. Div. 1961). Most recently it was held that the "contract must be construed as a whole and the language employed must be given its ordinary meaning, in the absence of anything to show that the language was used in a different sense." McKee v. Harris Seybold Co., 109 N.J. Super. 555 (Law Div. 1970). "Such contracts are generally construed as creating a contract of insurance between the employer and the insuror but for the benefit of the insured employees." 44 Am. Jur.2d 1868. An unambiguous insurance policy, like any other contract, must be enforced according to its terms. Larson Construction *547 Co. v. Oregon Automobile Ins. Co., 301 F. Supp. 1112 (1969).
In the instant case, the group policy states that coverage is terminated upon notification to the insuror by the employer that the insured employee is no longer employed by the company.
These are the "terms of the contract" of insurance this court is concerned with. There is no question that the insurance company was notified and that the employee in question was discharged.
New Jersey has no case law on the specific question of the effect of an illegal discharge on a group insurance policy; however, as stated in 68 A.L.R.2d 50, "the most frequent method used by an employer to sever the relationship with an employee is by discharging or firing him. Here again, regardless of the reasons which may motivate the employer, such act constitutes a termination of employment within the meaning of a termination of employment clause contained in a group policy." See Bradley v. Prudential Ins. Co., 70 F.2d 988 (9 Cir.1934); Simsaki v. Equitable Life Assurance Soc., 154 Misc. 533, 277 N.Y.S. 424, (Sup. Ct. 1935); Nelson v. Aetna Life Assurance Soc., 115 Pa. Super. 15, 174 A. 624 (Super. Ct. 1934). The rule is also stated in 44 Am. Jur.2d 1884 in a discussion of what constitutes a termination of employment. It states:
"While no general rule can be formulated as to what constitutes an effective termination of employment clause in a group insurance policy since, by necessity, the termination depends on the facts of a particular case, it may be stated that in regard to the manner of severance of relations, the courts have generally held that the relationship between employer and employee is effectively brought to an end, by the employee, regardless of the motive for such action; by the employee's retirement; by his discharge regardless of the cause and by the sale by an employer of his business or part thereof." [Italics added]
Insofar as the insurance company's liability is concerned with respect to the wrongdoing on the part of *548 the employer, 44 Am. Jur.2d 1877 states: "Employers, in doing the various acts required to make effective a policy of group insurance covering employees * * * act for themselves and their employees and not as agents of the insurer * * *. Likewise, it has been held that an employer is not an agent of the insurer under a group insurance policy as regards any obligation to give notice to an employee of any termination of his employment."
The claim is based on the premise that the employee was illegally discharged from her employment, and since her coverage terminated when her employer gave notice of her discharge to the insuror, she feels she should recover against the insuror for benefits allegedly due her after the date of said termination of employee.
Her insurance contract states that the insurance would terminate when her employment terminates. The law says that such a termination clause in a group insurance policy means a termination regardless of the reason for said termination. 44 Am. Jur.2d 1877.
Here, the insurance company was duly notified of the discharge of the employee. By the very terms of the contract, this notification acted as a termination of the insurance. True, the discharge was illegal, but the insuror did not illegally discharge the employee, nor did any of its agents cause the illegal discharge. The employer illegally discharged the employee, and damages stemming from that illegal discharge have been assessed against it in the amount of $15,000.
Once the contract between the employer and the insuror has been terminated by the employer, the person for whose benefit that contract was made has no cause of action against the insuror. If there is any cause of action at all, it would be against the party who caused the alleged wrongful termination of such contract.
Where an employee is wrongfully discharged by an employer who has given notice to an insuror of said employee's termination, the coverage afforded such employee by said insuror ceases as of the date of notification of termination *549 and the insurance company is not liable for medical and doctor bills after the date of discharge regardless of the legality of the discharge.
It is agreed that $1,420.20 for damages had accrued up to the termination of employment, and this court is of the opinion that that is all plaintiff is entitled to.
Judgment for plaintiff in the sum of $1,420.20.