144 N.J. Super. 497 (1976)
366 A.2d 357
BERNICE WILSON, PLAINTIFF,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT.
Superior Court of New Jersey, District Court Cumberland County.
October 5, 1976.
*498 Mr. Steven Z. Kleiner, for plaintiff (Messrs. Lummis, Kleiner, Moore, Fisher, Pancari & Pagliughi, attorneys).
Mr. Joseph S. Georgiana for defendant (Mr. George D. Rothermel, attorney).
PORRECA, J.C.C., Temporarily Assigned.
The stipulated facts upon which this case is tried include the following provisions.
Defendant insurance company issued a group hospital and medical insurance policy to benefit employees of a policyholder. Defendant then issued a booklet describing the plan, a certificate of coverage and an identification card to each employee. The booklet included a statement concerning when the insurance was to terminate. The relevant portion of the statement provided that the insurance would terminate "when the plan terminates." The certificate of coverage stated that the benefits listed were subject to limitations stated in the booklet. It also stated, "The insurance is subject in every respect to the Group Policy, which alone constitutes the agreement under which payments are made." The identification card included the plan number, employee's name, benefits and a date through which the card was valid. Plaintiff's card showed a date "valid thru" to November 1974.
The employer was to pay monthly premiums. The last premium was paid on March 15, 1971. On July 30, 1974 the insurer notified the employer that the policy would be terminated, allowing ten days to pay all premiums due. When payment was not received the insurance was cancelled, effective April 15, 1974. Plaintiff was not notified of the cancellation by either defendant or her employer. Plaintiff incurred medical and hospital expenses between September 10, 1974 and October 5, 1974.
*499 The basic issue presented is this: when an employer fails to pay a group insurance premium and the insurance is cancelled, as in the situation stated above, does the insurance company have the responsibility to notify the beneficiaries of the cancellation?
Defendant resists coverage on the theory that when an employer fails to pay a monthly premium, the policy terminates for nonpayment of the premium; and an employee has no recourse against a group insurer even though the employee has no notice of the employer's failure to pay the premium. Our courts generally agree that, absent a contractual or statutory requirement, a group insurer has no duty to notify its beneficiary of a termination of the policy. In Zaunczkowski v. Travelers Insurance Co., 3 N.J. Super. 442 (Law Div. 1949) the court held that pursuant to contract, the insurance was specifically terminated when the employees entered military service, and no notice was necessary. In Keane v. Aetna Life Ins. Co., 22 N.J. Super. 296 (App. Div. 1952), the court held that when the policy so provides, the termination of employment under a group insurance plan automatically ends the insurance coverage. In accord, see Kowalski v. Travelers Ins. Co., 115 N.J. Super. 545 (Law Div. 1971) which held that according to the contractual terms of the policy when the employee was discharged, even though wrongfully, the group policy was also terminated.
However, the case at bar is factually distinct from the aforementioned cases which declined to impose coverage by the insurance carriers absent a contractual or statutory provision requiring notice of termination of coverage be given an insured. In those cases there was a change in employment status which should have at least raised a question in the mind of a reasonable person concerning whether he was, in fact, insured. In this case the employee had no change in employment status with her employer. Prudential had issued a card to her which stated that the insurance was valid through November 1974. The insured, like the average insurance consumer, was a layman. As such she was entitled *500 to rely upon the representations provided by Prudential. As our Supreme Court has stated:
He [the insured] justifiably places heavy reliance on the knowledge and good faith of the company and its representatives and they, in turn, are under correspondingly heavy responsibility to him. His (the insured's) reasonable expectations in the transaction may not justly be frustrated * * *. [Allen v. Metropolitan Life Ins. Co., 44 N.J. 294, 305 (1965)]
Under this theory our courts have construed policy terms strictly against insurers so as to protect an insured's reasonable expectations. Allen, supra at 305-307, and cases cited therein. Such holdings have created, in effect, an affirmative duty upon insurers to write and administer their policies and provisions so as to avoid misunderstanding by, or harm to, the average insured.
The identification card issued by defendant unconditionally and unequivocally represents that plaintiff was indeed covered until November 1974. In reliance upon this card, it is reasonable to surmise plaintiff refrained from purchasing health care insurance. A hospital could reasonably rely upon the card to show the financial integrity of plaintiff when admitted. Prudential could have gained immunity by utilizing a more artfully drawn identification card. In light of the duty imposed on insurers by Allen, supra, plaintiff cannot be held accountable for the inartfully drafted identification card.
Defendant could have notified plaintiff of the termination of the insurance policy without too much expense or hardship to itself. Instead, defendant sat silent while plaintiff incurred medical expenses in reliance on defendant's representations that its coverage was valid through November 1974, and now seeks to refute what plainly is not so and deny coverage. The court will not allow it to do so.
For the reasons stated herein, judgment for the plaintiff will be entered in the amount claimed, plus costs.